## HIBBARD *vs.* THE PEOPLE.

Section 7 of the Act to prevent the manufacture and sale of spirituous or intoxicating liquors as a beverage, approved February 3d, 1855, commonly called the "search and seizure clause," gives no opportunity to the party accused to defend his property; no notice to him of the seizure is required;

nor is any means provided by which he is to be informed, when, where, or before whom the search warrant is returned. It is, therefore, repugnant to Sections 28 and 32 of Article VI., of the Constitution, and void.

The proceeding provided for in said section, is clearly a criminal proceeding. It makes no difference in its character, that the form of the proceeding is assimilated to that of a civil action.

Question reserved from Wayne Circuit.

*G. V. N. Lothrop,* for plaintiff.

*H. C. Knight* and *C. I. Walker,* for defendant.

By the Court, GREEN, J.

The grave question argued by the counsel and submitted for our determination in this case, is whether Section 7 of the " Act to prevent the manufacture and sale of spirituous or intoxicating liquors as a beverage," approved February 3d, 1855, conflicts with any provisions of the Constitution. This section embraces what is familiarly known as "the search and seizure clause" of the Liquor Law. In order to a right appreciation of its provisions, it must be considered in connection with some others contained in the Act. Section 6 provides, that "no person shall be deemed to have or acquire any legal property or ownership in any such liquor intended to be sold in violation of law, or in any vessels or casks containing them, but the same shall be deemed a public nuisance, and the person keeping the same may be proceeded against as in other cases of nuisance. And in addition to his liability as for a nuisance, such person shall be held liable to forfeit and pay the sum of twenty-five dollars with costs of prosecution, for every such offence; and such liquors so kept for sale, and any casks or vessels containing the same, shall be forfeited. The forfeiture under this section, shall be recovered in the same manner as those under sections three and four of this Act, and the forfeiture of the casks and vessels shall be part of the judgment of the Court: *Provided,*

that the same shall have been seized upon a warrant for that purpose." This section further provides, that no person shall be punished as for a nuisance, and also proceeded against for such forfeiture for the same offence; a provision it will be observed, in direct conflict with the previous clause, which declares the liability to the forfeiture in *addition* to the liability as for a nuisance.

Subsequent provisions of the Act declare that Justices of the Peace, Municipal or Police Courts, and Circuit Courts, shall have jurisdiction to hear, try, and determine cases arising under the Act; and all the provisions of law relating to civil actions, not repugnant to this Act, are made applicable to such cases. (*Sections* 8 *and* 10.) Any forfeiture under this Act may also be recovered by indictment as for a misdemeanor. (*Section* 11.)

Section 7 makes it the duty of *any magistrate authorized to issue warrants in civil or criminal cases,* upon complaint being made to him on oath, setting forth that the complainant does verily believe that any person has in his possession or under his control, with intent to sell the same contrary to law, in any particular house or place, any spirituous or intoxicating liquors, or any mixed liquors, a part of which is spirituous or intoxicating, if he find probable cause to believe such complaint to be true, to issue a warrant to search for such liquors. The officer is commanded in such warrant to take and keep such articles, if any be found and seized, in some safe and convenient place *to abide the order of the Court.* If the liquors are seized, it is made the duty of the officer who took them, to keep them safely so long as it may be necessary, for the purpose of being produced or used in evidence on *any trial,* or until the person in whose possession or under whose control they may have been found, shall have been tried upon any suit or prosecution that may have been commenced against him for so keeping or having such liquors contrary to the Act, when, or as soon thereafter as may be, the same

are to be restored to such person, if he be acquitted. But if such person be convicted, such liquors are required to be destroyed under the written order of the Court, and any casks or vessels in which the same were found, are to be sold under the direction of *the Court* which may have tried such person, *or of the magistrate who issued such warrant.* It is made the duty of *the Court*, so issuing such warrant, to afford the person against whom or whose property the same issued a speedy trial for any offence charged therein, or in the complaint on which the same was founded, *or for keeping said liquors*, and the prosecutor, on the return of such warrant, must forthwith make or file a declaration against such person.

I have examined this section with great care in connection with the other provisions of the Act above cited, for the purpose, if possible, of discovering the true meaning and intention of the Legislature in framing it, but it still remains, to a great extent, unintelligible to my apprehension. The proceedings in regard to the search and seizure, are strictly special. The complaint upon which the warrant is to issue, makes no reference to the commencement of any suit, and may be made to, and the warrant issued by a magistrate before whom no such suit conld be prosecuted. No time or place, or magistrate before whom the warrant is to be returned, is named therein, and the officer is required to keep the property so long as shall be necessary for the purpose of being produced or used in evidence on *any* trial, or until the person in whose possession, or under whose control it may have been found, shall be tried upon any suit or prosecution that *may have been* commenced against him, for so keeping or having such liquors, etc. It is made the duty of *the Court* issuing the warrant to afford a speedy trial for any offence charged therein, but if no suit has been commenced before such Court, or if the warrant was not issued by a Court or Justice of the Peace, but by a Circuit Court Commissioner,

how is a party to have an opportunity to defend his property, or reclaim it, if he held it innocently? No notice of the seizure is required to be given, nor is any means provided by which he is to be informed when, or where, or before whom the search warrant is returned. Suppose a suit to have been commenced by summons to recover the forfeiture imposed for keeping liquor contrary to the statute, and a search warrant issued by the same Court or Justice before whom it is commenced : the declaration is to be made or filed *on the return of such warrant*, and the officer is required to notify the *prosecutor* of its return, but not the respondents.

The summons may, in such a case, have been served by a constable, to whom alone it could be directed (*Laws of 1855, p. 429, Sec. 13 of the Justice's Act*), and the search warrant may have been executed by the Sheriff, or any *other* constable of the county. How then are the two proceedings, so distinct and separate in their character, to be so brought together, that the person prosecuted shall have due notice of both, and a day in Court, with an opportunity of protecting and defending his rights of property?

These objections, thus briefly noticed, are fatal to the validity of this proceeding. They are, if consistent and practicable in themselves, in direct and palpable conflict with the Constitution. Section 32, of Art. VI., provides that, " No person shall be compelled, in any criminal case, to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law." In this is necessarily included the right to answer and contest the charge. (*Green* vs. *Briggs*, 1 *Curtis R.*, 325, 326.)

In Taylor *vs.* Porter (4 *Hill*, 147), Mr. Justice Bronson says the words " due process of law," in this place, cannot mean less than a prosecution or suit, conducted according to the prescribed forms and solemnities, for ascertaining guilt, or determining the title to property.

That this is clearly a criminal proceeding, within the

meaning of the Constitution, we can entertain no doubt. It is institutrd for the purpose of forfeiting the property, on the ground that it is kept for an illegal and criminal purpose. The party must be tried and convicted of an offence which the statute declares to be a misdemeanor, before judgment of forfeiture can be declared, and such forfeiture is imposed as a part of the punishment for such offence. It makes no difference in its character, that the form of proceeding for the recovery of the pecuniary penalty or forfeiture, is assimilated to that of a civil action. The issue is, guilty or not guilty, and the penalty is imposed as a punishment for an offence.

Mr. Justice Curtis, in Green vs. Briggs, says: "These proceedings are clearly criminal in their nature." (1 Curtis, 328.) Section 28, of Art. VI., of the Constitution declares: "That in every criminal prosecution, the accused shall have the right to a speedy and public trial, by an impartial jury, which may consist of less than twelve in all Courts not of record, *to be informed of the nature of the accusation*, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and have the assistance of counsel for his defence."

Section 7 of the Liquor Law makes no provisions whatever for securing to the owner of the property seized any of these rights. It gives him no information of the nature of the accusation, nor does it ensure him a trial. His property may be seized and detained from him perpetually, and under this law he can have no redress, unless some one shall have commenced, or shall prosecute to effect, an action against him for a specific penalty.

It is said that the proceedings under the Liquor Law *may* be so conducted, consistently with its provisions, as to secure the person whose property is seized all his Constitutional rights. If this is *possible*, that is not enough. The law must afford to the accused the means of *demanding* and *enforcing*

his Constitutional rights, and if it authorizes a course of procedure which could deprive him of them, it is void. It is not to be left to the discretion of prosecutors or magistrates to adopt a course of procedure which may or may or not be in conformity with the requirements of the Constitution, as they may elect.

By a recent decision of the Supreme Court of Vermont, the search and seizure clause contained in the Liquor Law of that State has been held to be Constitutional as a proceeding *in rem*. But that Law requires that the owner or keeper of the liquor seized, if he be known to the officer seizing the same, shall be summoned by him to appear forthwith before the Justice issuing the warrant ; and if the owner or keeper of such liquor is unknown, before it can be destroyed, it is required to be advertised for two weeks. (*Laws of Vermont*, 1852, *pp.* 23, 24; *Lincoln* vs. *Smith et al., September Term*, 1855.) It is evident, however, from the reasoning of the Court in that case, that the provision referred to would have been declared unconstitutional, if, like our statute, it had not required actual or constructive notice of the proceedings to be given to the accused.

The theory upon which a judgment *in rem* is regarded as binding upon all the world, is that all the world have constructive notice of the seizure, with the cause and purpose of the taking, and the time and place at which any person may appear before a competent tribunal, and have a trial before the condemnation of his property. (1 *Gray R.*, 35.) Without such notice, no valid judgment can be pronounced, and the right to notice, or the means of a trial not being given by the Act in question to the owner of the property, the law cannot be upheld.

It must be certified to the Circuit Court for the county of Wayne as the opinion of this Court, that so much of the Act, entitled, " An Act to prevent the manufacture and sale of Spririrituous and Intoxicating Liquors as a beverage,"

approved February 3, 1855, as provides for the seizure of liquors alleged to be kept for sale in violation thereof, is in conflict with the Constitution of this State, and is therefore void.

Present, all the Judges.