PEOPLE *v* RAYMOND CAMPBELL

1. CRIMINAL LAW—STATUTES—DUE PROCESS—CONSTITUTIONAL LAW.
   A conviction based on a statute that fails to provide due process
   standards is not valid simply because due process was afforded
   in the particular case, since the constitutionality of a statute
   cannot depend upon the discretion of the prosecution.

2. POISONS—NARCOTICS—FORFEITURE OF AUTOMOBILE—STATUTES.
   The statute providing for the forfeiture of an automobile used
   in the illegal possession of narcotic drugs and the statute al-
   lowing the Attorney General to file suit for the recovery of
   forfeited property cannot be read together, so as to provide
   due process standards in the transportation forfeiture statute,
   because (1) the Attorney General having discretion to bring
   suit, due process is not guaranteed in the event the Attorney
   General chooses not to sue, (2) the recovery statute is neces-
   sarily invoked subsequent to a forfeiture, and (3) the statutes
   deal with different purposes, the recovery statute being de-
   signed to protect the state's interests, not the forfeiting party's
   (MCLA 335.156; 600.4541).

3. POISONS—NARCOTICS—FORFEITURE OF AUTOMOBILE—DUE PROCESS.
   The statute providing for the forfeiture of any means of trans-
   portation used in the illegal possession of narcotics, even
   if permissibly read with the statute allowing the Attorney
   General to sue for the recovery of forfeited property, fails
   to provide sufficient due process protection, since the recovery
   statute is permissive and neither statute contains a time lim-
   itation for giving notice (MCLA 335.156; 600.4541).

4. POISONS — NARCOTICS — FORFEITURE OF AUTOMOBILE — CONSTITU-
   TIONAL LAW.
   The statute providing for the forfeiture of any means of trans-
   portation used in connection with the illegal possession of

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 17.
[2–4] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 16 *et seq.*

narcotics is unconstitutional for lack of due process; the rul-
ing of constitutionality is prospective in application from
March 24, 1972, the date of decision.

Appeal from Calhoun, Ronald M. Ryan, J.  Sub-
mitted Division 3 March 8, 1972, at Grand Rapids.
(Docket No. 11848.)  Decided March 24, 1972.

Raymond L. Campbell was convicted, on his plea
of guilty, to unlawful use of marijuana.  The Attor-
ney General filed a petition requesting that defend-
ant's automobile be forfeited to the state because of
its connection with the illegal use of marijuana.
Defendant's motion for summary judgment denied.
Defendant appeals by leave granted.  Reversed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Robert C. Goussy,
J. Ronald Kaplansky, Peter Houk,* and *Thomas A.
Carlson,* Assistants Attorney General, for the people.

*William L. Coash,* Legal Aid Association of Cal-
houn County (George L. Corsetti, on the brief, act-
ing under GCR 1963, 921), for defendant.

Before: T. M. BURNS, P. J., and FITZGERALD and
DANHOF, JJ.

FITZGERALD, J.  Defendant pleaded guilty to un-
lawful use of marijuana.[1]  Upon interrogation by the
trial judge, defendant admitted that he had used
marijuana on the date of the alleged crime and that
he had some of the marijuana in his automobile on
that date.  He was fined and sentenced by the trial
court to two years probation.

On August 5, 1970, subsequent to defendant's plea
of guilty and prior to his sentencing, the Attorney

---

[1] MCLA 335.154; MSA 18.1124.

General filed a petition in the trial court requesting that defendant's 1965 Buick convertible be forfeited to the State of Michigan pursuant to the provisions of MCLA 335.156; MSA 18.1126. The petition was based on the Attorney General's allegation that the automobile had been used in connection with the illegal possession of marijuana within the meaning of MCLA 335.156; MSA 18.1126. That section provides:

"Any vehicle, vessel, airplane or other means of transportation, *knowingly used* in connection with the illegal possession of narcotic drugs, which shall have come into custody of a peace officer, *shall be forfeited to the state* of Michigan, and shall be turned over to the commissioner of the Michigan state police, or his designated representative, *for such disposition as said commissioner may prescribe:* Provided, however, That where the amount of any bona fide lien thereon exceeds the value of such property, then such property shall be returned to the holder of such lien, upon payment of the expenses of seizure and storage thereof; otherwise such property shall be sold in the manner provided for sale of chattels under execution, and after deducting the expenses of seizure, sale and keeping thereof, all such liens shall be paid according to their priority and the balance paid to the state treasurer to be credited to the general fund of the state; Provided further, That the lienholder shall establish to the commissioner, or any court having jurisdiction of the matter, by petition, intervention, or otherwise, that such lien was created without the lienor having any notice that such property was being used or was to be used in violation of this act." (Emphasis supplied.)

Defendant filed a motion for summary judgment claiming that the above statute was criminal in nature and that the statute contained no provision

for a timely hearing or notice. Defendant claimed that the statute does not afford due process of law as guaranteed by US Const, Am XIV, and Const 1963, art 1, § 17. The trial court found that the statute was unconstitutional and granted defendant's motion for summary judgment, in the following language:

"The present statute provides for forfeiture of an automobile which is generally used for lawful purposes. The fact that the vehicle was used for the transportation of some marijuana does not make the vehicle in and of itself dangerous to the public welfare or to the public health and safety. The forfeiture is intended as a punishment and therefore requires judicial proceedings, either personal notice to the owner, or at least a proceeding *in rem* with notice by publication. The absence of any provisions for the giving of notice and for giving the owner an opportunity to be heard gives the court no authority to make an order of forfeiture, and the statute does not afford due process of law as guaranteed by Const 1963, art 1, § 17; and US Const, Am XIV."

The Attorney General filed a motion for rehearing, arguing that the requirements of due process may be satisfied by reading the provisions of MCLA 600.4541; MSA 27A.4541, into the provisions of the forfeiture statute quoted above. MCLA 600.4541; MSA 27A.4541 provides:

"Sec. 4541. Whenever by the provisions of law or order of the court any property, real or personal, is forfeited to the people of this state or to any officers for their use, an action for the recovery of such property alleging the grounds of such forfeiture may be filed by the attorney general in the circuit court."

Following rehearing, the trial court reversed its prior decision and denied defendant's motion for summary judgment, stating:

"In view of the provisions of 1948 CL 600.4541; MSA 27A.4541 it now appears to this court that the Legislature has provided a procedure giving an interested party an opportunity to have his day in court before a determination is made as to the right of the state to enforce a forfeiture of the property involved. It appears to be the clear intent of the statute just cited to give a defendant the right to challenge the right of the state to confiscate property and to have a judicial determination as to whether or not a vehicle was knowingly used in connection with the illegal possession of narcotic drugs, which is the basis of confiscation under the provision of MCLA 335.156; MSA 18.1126. It now appears to the court that as long as the law provides for such a hearing, it does not make any difference whether the procedure for judicial determination is contained in the confiscation statute or in another statute. It is true that the requirements of one statute may be read into another in determining whether due process has been afforded an interested party before he loses title to the property involved."

Although this decision would have led to a hearing to determine the merits of the people's petition, further proceedings were suspended by the trial judge to provide defendant with an opportunity to effectuate an appeal.

Leave to appeal was granted on June 30, 1971, and defendant's challenge to the constitutionality of the forfeiture statute is properly before this Court.

Two issues are before us for consideration:

1. *Can a constitutionally deficient statute be legitimized by reading into it the due process provisions of another statute?*

2. *Assuming,* arguendo, *the language of one statute can be used to eliminate the deficiencies of another, can MCLA 335.156; MSA 18.1126 be legitimized by incorporation of the due process provision contained in MCLA 600.4541; MSA 27A.4541?*

The people concede that "derivative contraband" (property forfeited by illegal conduct which is otherwise lawfully owned) cannot be forfeited without compliance with the due process standards of notice and hearing. The failure of the forfeiture statute at issue to contain such standards is disclosed by its own language, *supra,* which contains no provision for notice or hearing.

The people offer a method of remedying the defects by suggesting that the due process standards of another statute can be incorporated into the challenged statute.

Prior to considering the merits of this issue, its context should be established. The people rely upon the proposition that a statute is presumed constitutional. This concept is fundamental and requires little citation of authority.[2] However, competing considerations must be recognized. These are, forfeitures are not favored by the law, statutes providing for forfeiture are to be strictly construed, and the courts will not indulge in a constrained construction to create a forfeiture.[3]

Defendant's rebuttal to this threshold issue is based upon the proposition that due process standards must appear on the face of the statute, otherwise it is unconstitutional. This fundamental concept is found in *Hibbard v People,* 4 Mich 125, 130–131 (1856). Therein the Court was confronted with an analogous forfeiture statute permitting search and seizure of unlawful liquor and its containers pursuant to a liquor law. Like the present case, the *Hibbard* Court found that the subsequent forfeiture of property took place although the statute contained no reference to the commencement of suit. Since the forfeiture statute did not mandate legal action which

---

[2] *Johnson v Kramer Bros Freight Lines Inc,* 357 Mich 254 (1959).
[3] 37 CJS, Forfeitures, § 4, pp 8–9.

afforded the owner due process protection, the *Hibbard* Court found it unconstitutional, stating:

"The law must afford the accused the means of *demanding* and *enforcing* his constitutional rights, and if it authorizes a course of procedure which could deprive him of them, it is void. It is not left to the discretion of the prosecutors or magistrates to adopt a course of procedure which may or may not be in conformity with the requirements of the constitution, as they may elect."

The significance of this language is that the *Hibbard* Court concluded that the absent due process standards could not be supplied by the procedures which were, in fact, followed. Thus, the fact that due process had been afforded in the case could not overcome the statute's invalidation since such conduct was not mandated, but rather dependent upon the discretion of the prosecutor or magistrate.

The present case is similar in that defendant received notice and a hearing because the people filed a petition requesting forfeiture. But the forfeiture statute at issue cannot be upheld simply because notice and a hearing were actually provided.

Subsequent case law affirms the *Hibbard* rule. In *Rassner* v *Federal Collateral Society Inc*, 299 Mich 206, 215–216 (1941), the Court was confronted with an analogous forfeiture statute and stated:

"In the case at bar, an attempt to cure the infirmities of the act was made by the court in directing the officer to give notice of hearing to the pawnbroker. *The constitutionality of the act cannot depend upon the grace or favor of the court to give notice or opportunity for hearing.* Neither the court, nor the officer by direction of the court, can be depended upon to cure the infirmity. *The constitutionality of the act must rest upon provisions of the act itself* * * * ." (Emphasis added.)

Like the additional authorities relied upon by defendant,[4] this statement that "The constitutionality of the act must rest upon the provisions of the act itself", presents strong language supporting his allegation.

It is significant that each court adopting this approach did so in the context of due process standards *actually* provided in lieu of a provision for such standards in the challenged statutes. The importance of these decisions flows from what the courts did not say, *i.e.*, that the due process standards can never be supplied by reference to another statute. These authorities did not foreclose the possibility that an accepted method of statutory construction could be used to cure the deficiency. Unlike the discretion created when due process was provided in an individual case, a cure by statutory construction would create a mandate. Thus, provision for notice and a hearing would be as effective as if they were contained in the challenged statute.

The people have attempted to articulate this approach by arguing that statutes may indeed be read together. The concept of incorporating provisions of one statute into another has been judicially approved when statutes are deemed *in pari materia*.[5] This concept indicates that the scope of the above language is not as broad as defendant would have this Court believe. Whether the present statutes satisfy this concept creates the second issue considered subsequently. The decision of *People* v *Roberson,* 22 Mich App 664 (1970), offered to this Court by the people, adequately supports this conclusion. Although the *Roberson* Court did not allude to the concept of *in pari materia,* its holding reveals its application. The *Roberson* Court found

---

[4] *Trellsite Foundry & Stamping Co* v *Enterprise Foundry,* 365 Mich 209 (1961); *Ridenour* v *Bay County,* 366 Mich 225 (1962).

[5] 21 Michigan Law & Practice, Statutes, § 99, pp 113–118.

that the due process standard applicable to adult probationers was equally applicable to juvenile defendants. Defendant's attempt to distinguish this case because the Court relied upon clear legislative intent is devoid of merit. A determination of legislative intent, like *in pari materia,* is simply another method of statutory construction. Although the *Roberson* Court may have applied both concepts, there is little doubt that it, in fact, incorporated the due process standards of one statute into another statute.

If it is conceded that, as a general proposition, two similar statutes may be read together, the remaining questions to be answered are: (1) Can MSA 18.1126 and MSA 27A.4541 be read together, and (2) if so, are the due process infirmities of MSA 18.1126 cured?

Defendant answers the first question in the negative by contending that the two statutes are dissimilar and directed toward different purposes. The language of the forfeiture statute (MSA 18.1126), set out above, must be compared with MSA 27A.4541, the provisions of which warrant repetition with emphasized words:

"Whenever by the provisions of law or order of the court any property, real or personal, is forfeited to the people of this state or to any officers for their use, *an action for the recovery* of such property alleging the grounds of such forfeiture *may be filed by the attorney general* in the circuit court."

The language permitting the Attorney General to file an action to recover forfeited property creates the inference that this process is used to recover the property for the state against a third person possessing it. Contrary to the people's contention, this provision does not provide a measure of protection for the alleged owner of property seized by the

state.  The statutory language providing that an action *"may be* filed by the attorney general" is significant.  The permissive nature of this language raises the question of due process protections in the event the Attorney General chooses not to file suit.

Additional considerations underscore the impropriety of integrating the statutes.  The language of "forfeited" (past tense) and "recovery", create the permissible inference that any proceeding initiated by the Attorney General would be subsequent to the forfeiture.  Thus, the property owner would be attempting to regain his property which was forfeited at a prior point in time in the absence of notice or a hearing.  This argument not only indicates the inappropriateness of integrating the statutes at issue, but also the inability to find due process protections upon such integration.

The final criticism flows from the fact that the two statutes are not sufficiently similar to justify reliance upon the concept of *in pari materia*.  The statutes at issue can broadly be said to involve the forfeiture of property, but fail to evidence a similar purpose.  The thrust of MSA 27A.4541 appears to be directed toward protecting the state's interests, not those of the forfeiting party.  Thus, the nature of MSA 27A.4541 precludes the application of statutory principles to sustain the validity of the forfeiture statute.

Assuming, however, that the statutes are sufficiently similar to justify integration of their provisions, a final question must be answered; *i.e.,* would the combination yield sufficient due process protection?  As noted earlier, MSA 27A.4541 is not mandatory, thereby affording no guarantee that due process will be provided in every case.  Moreover,

the fact that neither statute contains a time limitation for giving notice is persuasive since it reveals an ancillary defect caused by the permissive nature of MSA 27A.4541.

The constitutionality of the challenged statute can only be sustained if the due process standards are contained within its provisions or can be supplied by an application of commonly recognized statutory construction concepts. The people's final argument that "action" should be interpreted to mean that an action must be brought before the property is forfeited ignores the consequences of the statute's being drafted in the *past* tense. The words "forfeited" and "recovery" imply that the disposition of the title-ownership to the property has been completed. Thus, the people's interpretation would be correct only if the statute used the word "seized" rather than "forfeited" to indicate that the property was being held pending a judicial hearing on the matter. The existence of competing inferences involving semantical distinctions merely indicates that the statute at issue fails to provide clearly for due process. This Court will not twist or distort the statutory language to uphold the constitutionality of the challenged forfeiture statute.

The foregoing analysis of the statute under consideration leads us to but one conclusion, a conclusion which supports defendant's contention.

Accordingly, we rule that the so-called "forfeiture statute", MCLA 335.156; MSA 18.1126, is unconstitutional for lack of due process and that no other statutory provisions supply the missing due process requisites. This holding is prospective in application from the date of release of this opinion, March 24, 1972.

The finding of the trial court is reversed, the proceeding dismissed, and the automobile in question ordered released to defendant. No costs, a public question.

All concurred.