PEOPLE v ONE 1973 PONTIAC AUTOMOBILE

Docket No. 77-1907. Submitted May 10, 1978, at Lansing.—Decided
June 19, 1978.

In February, 1977, a 1973 Pontiac automobile was seized, incident
to the arrest of its owner, pursuant to a section of the Con-
trolled Substances Act. The prosecutor filed to institute a
proceeding for the forfeiture of the vehicle. Notice of the
proceeding was served upon the vehicle's owner, who filed an
answer and a motion to dismiss. The Oakland Circuit Court,
William J. Beer, J., granted the motion to dismiss, finding that
the forfeiture provision of the statute unconstitutionally fails to
provide the vehicle owner with procedural due process because
of a lack of provision for notice and hearing in connection with
forfeiture of a vehicle. The people appeal. *Held:*

The statutory forfeiture provision is construed to require the
prompt institution of in rem judicial proceedings with service of
a copy of the complaint and summons upon the vehicle owner,
and the procedural details are controlled by statute and court
rule. The statute meets the constitutional requirements of due
process.

Reversed and remanded.

1. STATUTES—CONSTITUTIONAL LAW—CONSTRUCTION—PRESUMPTION OF
   CONSTITUTIONALITY.
   It is the duty of a court to give the presumption of constitutional-
   ity to a statute and construe it as constitutional unless the
   contrary clearly appears.

2. CONSTITUTIONAL LAW—CRIMINAL LAW—STATUTES—FORFEITURE OF
   VEHICLE—DUE PROCESS—NOTICE—HEARING.
   A statute which provides for the forfeiture of vehicles seized
   incident to an arrest requires, upon such seizure, the prompt
   institution of in rem judicial forfeiture proceedings with service
   of a copy of the complaint and summons upon the vehicle

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Constitutional Law § 137.
   73 Am Jur 2d, Statutes §§ 37, 42, 103, 123.
[2] 36 Am Jur 2d, Forfeitures and Penalties §§ 8, 25, 36.

owner; the statute meets the constitutional requirements of procedural due process regarding notice and hearing in connection with the forfeiture of a vehicle (MCL 335.355; MSA 18.1070[55]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Patrick F. Isom,* Assistant Attorney General, for the people.

*Peres, Carr, Jacques, Batchik & Schmidt,* for appellee.

Before: BEASLEY, P. J., and ALLEN and H. E. DEMING,* JJ.

H. E. DEMING, J. This is an appeal as of right by the people from an order dismissing a proceeding pursuant to MCL 335.355; MSA 18.1070(55) for the forfeiture of a 1973 Pontiac automobile seized incident to a narcotics arrest. Dismissal was based on a finding that the statutory forfeiture provision unconstitutionally fails to provide the vehicle owner with procedural due process in that the statute contains no provision for notice and hearing in connection with the forfeiture of a vehicle.

A prior forfeiture statute, MCL 335.156; MSA 18.1126, was held unconstitutional for lack of due process provisions in *People v Raymond Campbell,* 39 Mich App 433, 443; 198 NW2d 7 (1972). The *Campbell* Court found that the prior statute, even when read in conjunction with MCL 600.4541; MSA 27A.4541, provided only a nonmandatory postforfeiture action by the Attorney General. Thus, there was "no guarantee that due process will be provided in every case", and "the forfeiture statute at issue cannot be upheld simply because

---

* Circuit judge, sitting on the Court of Appeals by assignment.

notice and a hearing were actually provided". *Campbell, supra,* at 442, 439.

In the instant case the people contend that the present forfeiture provision requires the prompt institution of judicial proceedings upon seizure of the property and prior to forfeiture and that consequently *Campbell* does not apply.

The vehicle's owner points out, however, that the present statutory provision requires no notification of the vehicle owner and fails to assure the owner an opportunity for a hearing. Consequently, the owner argues that *Campbell* does apply, and requires a finding of unconstitutionality. Both parties agree that absent adequate notice and hearing provisions with respect to the vehicle owner, the statute would be invalid.

In *People v McQuillan,* 392 Mich 511, 536–537; 221 NW2d 569 (1974), the Court in construing a statutory provision requiring commitment to a mental hospital stated:

> "The construction placed on this language by the trial judge that there is no provision for a hearing is a reasonable one. However, it is the duty of the Court to give the presumption of constitutionality to a statute and construe it as constitutional unless the contrary clearly appears. See *Cady v Detroit,* 289 Mich 499, 505; 286 NW 805 (1939); *Sullivan v Michigan State Board of Dentistry,* 268 Mich 427, 429–430; 256 NW 471 (1934).
>
> "Due process and equal protection require a hearing. We find nothing in MCLA 767.27b which precludes a hearing and since *Baxstrom [v Herold,* 383 US 107; 86 S Ct 760; 15 L Ed 2d 620(1966)] and *Specht [v Patterson,* 386 US 605; 87 S Ct 1209; 18 L Ed 2d 326 (1967)] require one, we deem it necessarily implicit in our statute."

Applying these principles in the instant case, we conclude that the statute at issue is constitution-

ally valid. MCL 335.355; MSA 18.1070(55), reads in part as follows:

"(1) The following are subject to forfeiture:

\* \* \*

"(d) All conveyances, including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in subdivisions (a) or (b), but: \* \* \* .

\* \* \*

(2) Property subject to forfeiture under this act may be seized by the department of licensing and regulation upon process issued by the circuit court having jurisdiction over the property. Seizure without process may be made in any of the following cases:

"(a) The seizure is incident to an arrest or a search under a search warrant or an inspection under an administrative inspection warrant.

\* \* \*

"(3) In the event of seizure pursuant to subsection (2), proceedings under the subsection (4) shall be instituted promptly.

"(4) Property taken or detained under this section shall not be subject to replevin, but is deemed to be in the custody of the department of licensing and regulation subject only to the orders and judgments of the court having jurisdiction over the forfeiture proceedings. \* \* \* ."

We construe the statute as requiring, in the circumstances of the instant case, the prompt institution of in rem judicial forfeiture proceedings with service of a copy of the complaint and summons upon the vehicle owner. Once such a proceeding has been instituted in the circuit court, the procedural details are controlled by statute and court rule. These due process requirements are necessarily implicit in the statute. In the

instant case the vehicle was seized on February 15, 1977. On March 23, 1977, an in rem civil proceeding for the forfeiture of the vehicle was filed by the county prosecutor. Notice was served on the vehicle owner who, on April 11, 1977, filed an answer and motion to dismiss. The hearing resulting in dismissal was held on April 20 and 21, 1977. We find that these actions both complied with the statute as construed herein and provided the vehicle owner with adequate notice and opportunity for a hearing.

We hold that MCL 335.355; MSA 18.1070(55), as construed in this opinion, meets the constitutional requirements of procedural due process. Consequently, we reverse the circuit court and remand for further proceedings consistent with this opinion.

Reversed and remanded. No costs.