PEOPLE v. GEORGE SCOTT

1. CRIMINAL LAW—NONJURY TRIAL—FINDINGS OF FACT—COURT
RULES.
  The Court rule requiring a trial judge sitting without a jury
  to make specific findings of fact is applicable to criminal
  trials (GCR 1963, 517.1).

2. RAPE—STATUTORY RAPE—EVIDENCE—PRIOR SEXUAL INTERCOURSE—
ADMISSIBILITY.
  Proof of prior acts of intercourse between a defendant charged
  with statutory rape and his victim is not error (MCLA § 750-
  .520).

Appeal from Recorder's Court of Detroit, Donald
S. Leonard, J. Submitted Division 1 January 6,
1970, at Detroit. (Docket No. 7,193.) Decided
January 29, 1970.

George Scott was convicted of statutory rape.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer, and *William B. McIntyre, Jr.,* As-
sistant Prosecuting Attorney, for the people.

*Abba I. Friedman,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts § 67.
[2] 44 Am Jur, Rape § 93.

Before: Lesinski, C. J., and J. H. Gillis and Quinn, JJ.

Per Curiam. Defendant's nonjury trial resulted in his conviction of statutory rape;* he was sentenced and he appeals.

Defendant's first assertion of error is that the trial judge failed to make specific findings of fact that the victim was under 16 years of age and that there was penetration. GCR 1963, 517.1, requires a trial judge sitting without a jury to make specific findings of fact. This rule is applicable to criminal trials. *People* v. *Martinovich* (1969), 18 Mich App 253.

Our review of the record discloses substantial compliance with the rule. At the outset of his opinion from the bench, the trial judge recited the statute. He then reviewed testimony which disclosed penetration. It was undisputed that the victim was under 16 years of age. The foregoing preceded the court's pronouncement, "It is the finding of this court that the defendant did commit the act of statutory rape."

Defendant's contention that his right of cross-examination was unduly restricted is not sustained by the record.

Defendant's objection to questions relating to prior acts of intercourse between defendant and the victim was properly overruled. Proof of such prior acts is not error. *People* v. *Lummis* (1932), 260 Mich 170.

Affirmed.

---

* MCLA § 750.520 (Stat Ann 1954 Rev § 28.788).