PEOPLE v. GREEN

1. CRIMINAL LAW—GENERAL COURT RULES—APPLICABILITY.
   The General Court Rules are applicable to criminal cases except where they conflict with other rules or statutes (GCR 1963, 1; 785.1).

2. CRIMINAL LAW—NONJURY TRIAL—FINDINGS OF FACT—COURT RULE—APPLICABILITY.
   Court rule requiring findings of fact and conclusions of law in nonjury cases is applicable to criminal cases (GCR 1963, 517.1).

3. CRIMINAL LAW—NONJURY TRIAL—FINDINGS OF FACT—LACK OF FINDINGS—APPEAL AND ERROR—STANDARD OF REVIEW.
   Trial court's general verdict of guilty in a nonjury criminal case may be affirmed even though the findings of facts are deficient where the elements of the offense are uncomplicated, there is evidence tending to prove each element of the offense, and it appears the court must have found such evidence credible (GCR 1963, 517.1).

4. CRIMINAL LAW—NONJURY TRIAL—FINDINGS OF FACT—LACK OF FINDINGS—APPEAL AND ERROR.
   Defendant's conviction, by a trial judge without a jury, of attempted robbery, unarmed, was affirmed even though the trial court made only a brief statement which cannot be considered findings of fact where, in light of the trial record, the appellate court could conclude that the trial court weighed conflicting testimony and believed the prosecution witnesses, the elements of the crime of which defendant was convicted are relatively few and simple, and there was evidence tending to prove all elements of the offense (GCR 1963, 517.1).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts § 82 et seq.
[2–4] 53 Am Jur, Trial § 1131 et seq.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 November 10, 1970, at Detroit. (Docket No. 8431.) Decided April 21, 1971.

Sammy Green was convicted of attempted unarmed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Abba I. Friedman,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and LEVIN and PETERSON,* JJ.

PETERSON, J. In the deluge of criminal appeals facing this Court, it is inevitably contended that the evidence before the trial court was insufficient to establish guilt beyond a reasonable doubt. *People* v. *Williams* (1962), 368 Mich 494. Where the matter was heard without jury, the convicted appellant hastens to add that the findings of the trial judge were "clearly erroneous". *People* v. *Hummel* (1969), 19 Mich App 266.

Thus sayeth Green, adding that we are precluded from upholding the trial judge's findings of fact since there were none. This, he claims, is in itself basis for reversal. So, once again, the failure of a trial judge, sitting without jury, to adequately comply with GCR 1963, 517.1, is before us. The rule provides:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. It will be sufficient if the court makes brief, definite, and pertinent findings and conclusions upon the contested matters without over elaboration of detail or particularization of facts. If an opinion or memorandum decision is filed, it will be sufficient if the findings and conclusions appear therein. The clerk shall notify the attorneys for both parties of the findings of the court. Findings of fact and conclusions of law are unnecessary on decisions of motions except as provided in sub-rule 504.2. Requests for findings are not necessary for purposes of review. No exception need be taken to any finding or decision. Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it."

Rules 1 and 785.1 make the General Court Rules applicable to criminal cases except where in conflict with other rules or statutes, and GCR 1963, 517.1 specifically has been held applicable to criminal cases in *People* v. *Beaudoin* (1967), 7 Mich App 461; *People* v. *George Scott* (1970), 21 Mich App 217. Fact finding, or the lack thereof, has since been the subject of frequent comment. See *People* v. *Owens* (1968), 13 Mich App 469, 483; *People* v. *Martinovich* (1969), 18 Mich App 253; *People* v. *Hubbard* (1969), 19 Mich App 407; *Commercial Construction Co.* v. *Elsman Enterprises, Inc.* (1970), 22 Mich App 238; and *Papin* v. *Demski* (1970), 383 Mich 561, 569, where the Court said:

"What has perhaps not been sufficiently stressed in our opinion is the need for the trial judge to make

careful, considered findings of fact rather than shooting from the bench. In this case, as we read the opinion of the Court of Appeals, it gave consideration to the findings of the trial judge, *insofar as such findings could be determined* but, from its own examination of the evidence, it concluded that the trial judge had clearly erred." (Emphasis supplied.)

In *Nicpon* v. *Nicpon* (1968), 9 Mich App 373, failure to make findings resulted in remand.[1] In the criminal cases cited above in which there was a reversal, the reversal in each case was predicated not upon the absence of findings but upon the absence of proof in the record to substantiate one or more of the elements of the offense charged. Each tacitly holds, therefore, that a general verdict of guilty by the court may be affirmed where the elements of the offense are uncomplicated, there is some evidence tending to prove each element of the offense, and where it appears that the trial court must have found such evidence credible.

We do not remand in the instant case because that tacit assumption of *Beaudoin, Martinovich,* and *Hubbard* is borne out by the record here, and there was evidence tending to prove all of the elements of the offense. Green was convicted of attempted[2] robbery, unarmed,[3] the elements of which offense are few in number and relatively simple in nature.[4] The crucial point of contention, as shown by the trial record and argument of counsel, was the identification of Green, turning upon an either/or view to be taken of the conflicting testimony of prosecu-

---

[1] See *Dauer* v. *Zabel* (1967), 9 Mich App 176.
[2] MCLA § 750.92 (Stat Ann 1962 Rev § 28.287).
[3] MCLA § 750.530 (Stat Ann 1954 Rev § 28.798).
[4] *Cf.* the dissenting opinion in *People* v. *Owens* (1968), 13 Mich App 469, fn 7, p 483, as to situations in which the legal or factual nature of the elements of the offense are more complex.

tion and defense witnesses. It would strain things considerably to call the trial judge's brief statement[5] a finding of fact, but it does, in the light of the trial record and arguments, leave no doubt that the judge did weigh the conflicting testimony about defendant's identity in an act in which all elements of the offense occurred virtually simultaneously, and that the prosecution's witnesses were believed. In this case we are able to conclude that there has been no miscarriage of justice and that the defective form of the findings does not warrant its reversal nor its remand for explicit findings. GCR 1963, 529.1; MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096).

Defendant also contends that the prosecutor had a duty to indorse all known *res gestae* witnesses, and that failure to do so warrants reversal. The person in question, however, was an accomplice whom the prosecutor was under no duty to indorse or call. *People* v. *Leroy Morgan* (1970), 24 Mich App 660. Further, his identity was known to defendant who made no effort to call him and no request of the prosecution or the court that he be

---

[5] *"The Court:* Thank you, Mr. Carter.

"Based on all of the testimony—and I have considered these things about relationships between witnesses and so forth as the quantum of proof is concerned—there has been a quantum on both sides. But I seem to find myself without a doubt that the quality of the proofs and the evidence on the part of the people is much more than sufficient to carry the burden of proof which they must carry in order to gain a conviction. And I say that partially because when one hears testimony—and a lot of testimony was volunteered—and it comes out *so methodically and so much like other* testimony, but then in some crucial areas—which people have not rehearsed or have not had an opportunity to think of—something odd comes out of everyone's testimony, even though in essentials they are identical. When put to a test, people go off in all different directions when they have been rehearsed and they have not had an opportunity to rehearse what would be unrehearsable. And that is the questions asked by opposing counsel. And some of the questions that are asked by defense counsel brought some rather surprising answers.

"I do find myself sincerely convinced beyond a reasonable doubt of the guilt of Mr. Major." (Court meant Mr. Green.)

called. The matter cannot now be raised. *People*
v. *Turner* (1952), 333 Mich 547.
  Affirmed.
  All concurred.