PEOPLE v JACKSON

Criminal Law—Bench Trial—Findings of Fact—Appeal and Error—Harmless Error.

> A judge who sits without a jury in criminal cases is obliged to articulate for the record the reasons for his decision in findings of fact, but a judge's failure to find the facts does not require remand where it is manifest that he was aware of the factual issue, that he resolved it, and that it would not facilitate appellate review to require further explication.

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted December 6, 1977, at Detroit. (Docket No. 28698.) Decided January 24, 1978.

Theron D. Jackson was convicted of felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Robert Monk,* Assistant Prosecuting Attorney, for the people.

*Robert Mann,* for defendant on appeal.

Before: M. F. Cavanagh, P. J., and J. H. Gillis and D. C. Riley, JJ.

Per Curiam. Charged originally with a single

References for Points in Headnote

76 Am Jur 2d, Trial § 1250 *et seq.*
Validity and construction of federal criminal procedure Rule 23, dealing with trial by jury or by the court. 13 L Ed 2d 1119.

count of assault with intent to murder, MCLA 750.83; MSA 28.278, defendant appeals his conviction, following a bench trial, of felonious assault, MCLA 750.82; MSA 28.277.

He raises a single issue: whether the trial judge erred reversibly in rendering a general guilty verdict rather than finding the facts specially and separately stating his conclusions of law.

The record clearly establishes by defendant's admission that he stabbed the complainant in the shoulder with a knife during an altercation that arose out of an automobile accident. Defendant rear-ended the car driven by complainant when complainant stopped suddenly at a red light. Although defendant claimed to have acted in self-defense, he admitted that he exited his car with a hunting knife in hand and that neither the complainant nor his companion were armed when they emerged from their car. The testimony by the prosecution's witnesses indicates that defendant was the unprovoked aggressor.

The only issues for the trial judge to determine were whether the defendant acted in self-defense and whether he assaulted complainant with an intent to murder. These decisions rested on the credibility of the defendant as compared to that of the complainant, his companion, an off-duty police officer who disarmed the parties and broke up the fight and two officers who responded to the scene. Clearly, a reading of the record discloses the paths that the trial judge followed in reaching his verdict, namely, that defendant did not act in self-defense and that he lacked the *mens rea* necessary for assault with intent to murder.

The most recent Supreme Court decision on the applicability of GCR 1963, 517.1 to criminal bench trials, *People v Jackson*, 390 Mich 621, 627; 212

NW2d 918 (1973), serves to clarify a previously confused rule:

"We are now of the opinion that in criminal cases as well as civil cases a judge who sits without a jury is obliged to articulate the reasons for his decision in findings of fact. Findings of fact in a nonjury case serve a function paralleling the judge's charge in a jury case, that of revealing the law applied by the fact finder.[3]"

---

"[3]A judge's failure to find the facts does not require remand where it is manifest that he was aware of the factual issue, that he resolved it and it would not facilitate appellate review to require further explication of the path he followed in reaching the result as, for example, where the only factual issue is identification. *See People v Green,* 32 Mich App 482; 189 NW2d 122 (1971). *See, also, People v George Scott,* 21 Mich App 217–218; 175 NW2d 312 (1970)."

---

We are of the opinion that this case falls squarely within the exception to the rule as enunciated in *Green, supra,* and approved by the Supreme Court in *Jackson.* No purpose would be served by remainding this case to the trial judge for findings of fact and conclusions of law.

Before closing, however, we would remind the trial court that needless appeals can be eliminated if, in future cases, somewhat greater effort is expended in satisfying the letter, as well as the spirit, of GCR 1963, 517.1.

Affirmed.