PEOPLE v SMITH

Docket No. 50193. Submitted September 3, 1980, at Lansing.—Decided
    October 23, 1980.

    Keith E. Smith was convicted of receiving or concealing stolen
    property over the value of $100, Oakland Circuit Court, Wil-
    liam J. Beer, J. He appeals, alleging the trial court erred in not
    articulating the reasons for its decision in findings of fact and
    in finding that defense counsel effectively waived the require-
    ment that the court state its findings of fact. *Held:*

    The trial court erred in rendering a general verdict of guilty
    without articulating the facts it found or the law it purported
    to apply as required by the circumstances of the case. Its
    failure is not excused by any waiver by defense counsel as
    neither party to a criminal case may effectively waive such
    articulation.

    Remanded for findings of fact.

1. Trial — Nonjury Trials — Findings of Fact — Court Rules.

    A judge who sits without a jury is obliged to articulate the
    reasons for his decision in findings of fact; findings of fact in a
    nonjury case serve a function paralleling a judge's charge in a
    jury case, that of revealing the law applied by the fact finder
    (GCR 517.1).

2. Criminal Law — Trial — Waiver of Findings of Fact.

    *Waiver by a party of the articulation by a judge sitting as the
    trier of fact of findings of fact in a criminal case should not be
    presumed absent an unequivocal waiver.*

3. Trial — Nonjury Trials — Findings of Fact — Appeal —
    Court Rules.

    The major purpose of the requirement of articulation by a judge
    sitting as a trier of fact of his specific findings of fact is the
    facilitation of appellate review; such articulation should not be

References for Points in Headnotes
[1] 76 Am Jur 2d, Trial § 1250 *et seq.*
[2, 4] 76 Am Jur 2d, Trial § 1252.
[3] 76 Am Jur 2d, Trial §§ 1267-1270.

viewed as a right of the parties but a requirement for the effective administration of justice (GCR 517.1).

4. Criminal Law — Nonjury Trials — Waiver of Findings of Fact — Court Rules.

Neither party to a criminal case tried without a jury may effectively waive the requirement that the trial court find facts specially and state separately its conclusions of law (GCR 517.1).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *David W. King,* Assistant Prosecuting Attorney, for the people.

*Stuart L. Young,* for defendant on appeal.

Before: Danhof, C.J., and Bronson and Cynar, JJ.

Cynar, J. Following a bench trial, defendant was found guilty of receiving or concealing stolen property over the value of $100, MCL 750.535; MSA 28.803. He was sentenced to a term of from two and a half to five years in prison and appeals as a matter of right.

The lower court record and the transcript of proceedings do not contain any findings of fact or conclusions of law made by the trial judge.

Two issues are raised for our consideration. The first is whether the trial judge erred by not articulating the reasons for his decision in findings of fact. The second is whether defense counsel effectively waived any requirement that the court below state its findings of fact. We address these issues *seriatim.*

In *People v Robert Jackson,* 390 Mich 621, 627; 212 NW2d 918 (1973), Justice Levin, on behalf of a unanimous Court, stated that:

"We are now of the opinion that in criminal cases as well as civil cases a judge who sits without a jury is obliged to articulate the reasons for his decision in findings of fact. Findings of fact in a nonjury case serve a function paralleling the judge's charge in a jury case, that of revealing the law applied by the fact finder.[3]

---

[3] A judge's failure to find the facts does not require remand where it is manifest that he was aware of the factual issue, that he resolved it and it would not facilitate appellate review to require further explication of the path he followed in reaching the result as, for example, where the only factual issue is identification. *See People v Green,* 32 Mich App 482; 189 NW2d 122 (1971). *See, also, People v George Scott,* 21 Mich App 217-218; 175 NW2d 312 (1970)."

---

Seizing on the dictum found in footnote 3 of the Court's opinion in *Robert Jackson,* the prosecution now contends that the case at bar falls within the quoted exception to the otherwise absolute duty which devolves upon the trial court under GCR 1963, 517.1. In addition, the people cite *People v Theron Jackson,* 81 Mich App 18; 264 NW2d 101 (1978), in support of their position, claiming that the circumstances in that case are analogous to those in the case *sub judice.* We disagree.

In *Theron Jackson, supra,* the "only" issues for the trial judge to determine were whether the defendant acted in self-defense and whether he assaulted the complainant with an intent to murder. Under the circumstances, this Court concluded that a remand for fact finding by the trial court was unnecessary, citing to the exception found in footnote 3 of the Supreme Court's opinion in *Robert Jackson, supra.*

The facts involved in *Theron Jackson* appear to be substantially more complicated than those in either of the cases mentioned in the footnote which states the exception. One involved an unarmed robbery in which the only point of contention was identification. Manifestly, the finding of guilt indicated a resolution of identification issue

contrary to the defendant's position. *People v Green,* 32 Mich App 482; 189 NW2d 122 (1971). The other involved a conviction for statutory rape in which the age of the victim was not in dispute and where the trial court, on the record, reviewed the testimony disclosing penetration, the only other element upon which proof was required. This Court found substantial compliance with the mandate of GCR 517.1, on those facts. *People v George Scott,* 21 Mich App 217; 175 NW2d 312 (1970).

We question the wisdom of this Court in *Theron Jackson* in applying the previously noted exception to the fact finding requirement in a case which seems to us an inappropriate one in which to employ it. Moreover, it is not entirely clear that the Supreme Court intended its footnote to set forth an exception. Its language may have evinced only an intent not to require remand in cases decided prior to its opinion in *Robert Jackson.*

Notwithstanding our reservations regarding this Court's decision in *Theron Jackson,* we find the case at bar readily distinguishable from it. Upon the court's request therefor, the prosecution in this case submitted proposed findings of fact and conclusions of law which contained 40 points of fact and eight points of law. Additionally, while the defendant herein did not contest the value of the property alleged to have been stolen, he did contest his possession thereof, his guilty knowledge, and the legal status of the goods. The testimony of prosecution witnesses, taken alone, creates issues of fact on each of these elements. By rendering a general verdict of guilty, the trial judge failed to disclose either the facts he found or the law he purported to apply. We conclude that this case required findings of fact and conclusions of law

thereon under the rule announced in *Robert Jackson.* The failure to do so cannot be excused under the perceived exception to such obligation. See *People v Stanford,* 68 Mich App 168, 173-175; 242 NW2d 56 (1976).

However, we must yet decide whether this failure may be excused on account of a waiver of the fact finding requirement by defense counsel.

On the day set for sentencing (December 20, 1978), the prosecutor stated that it was his understanding that the court would state on the record its findings of fact before sentencing. The judge did not respond on the record. The court adjourned sentencing for a week, and the prosecutor asked if the court would then state its findings. The judge said he would. On December 27, 1978, the court delayed final sentencing for one year. The following exchange took place:

[Mr. Fenton, the prosecutor, speaking] "I respectfully request—the Court asked this same Prosecutor to remind you to read the Court's findings from the non-jury trial that was conducted November 6, 7, 15 and 17 into the record.

"MR. FINN: Good morning, your Honor. For the Record, Michael D. Finn present in court with my two clients.

"THE COURT: Do you waive the reading of the findings?

"MR. FINN: Your Honor, I don't think—excuse me. I don't object to the waiver. I think the Record probably should reflect the Court's findings of fact in the absence of a jury trial. I don't know what specific findings the Court is referring to.

"THE COURT: All right. I'll do that later this morning. Thank you. About eleven o'clock.

"MR. FENTON: Fine, your Honor.

"THE COURT: Could I see both counsel at the bench?

"(Discussion was held off the Record between the Court and both counsel.)

"THE COURT: Well, we may as well dispose of this matter now. Didn't you wish me to pass sentence at this time?

"MR. FINN: Your Honor, it's my request—I was confused as to the Court's initial communication. It is my desire to waive the findings of fact and have the Court pass sentence at this time."

These facts arguably fail to establish a knowing waiver by defense counsel. It is unclear from the brief, on-the-record discussion whether defendant's counsel intended to waive the reading of the findings at that time only, intended to waive the reading of the findings in open court, or intended to waive any submission of findings of fact by the trial court. It is clear that the prosecution did not, at that time, intend to waive the submission of findings of fact. Absent an unequivocal attempted waiver, one should not be presumed.

However, even assuming, *arguendo,* that an adequate waiver is established in form, the question remains whether such waiver is of any legal effect. *Robert Jackson, supra,* is silent on the question of waiver of the fact-finding mandate.

The requirement of specific findings of fact in a bench trial has as its major purpose facilitation of appellate review. *People v Matthews,* 53 Mich App 232, 240; 218 NW2d 838 (1974). GCR 517.1 is most important, therefore, to a reviewing court. Decisions of this Court strongly intimate that GCR 517.1 is not a right of the parties, but a requirement for the effective administration of justice. *Matthews, supra, Stanford, supra, People v Bruce Ramsey,* 89 Mich App 468; 280 NW2d 565 (1979), *People v Cook,* 89 Mich 72; 279 NW2d 579 (1979).

A previous decision of this Court suggests that

an attempt to waive would be ineffective. In *Nic-pon v Nicpon,* 9 Mich App 373, 378; 157 NW2d 464 (1968), the parties did not raise the question of noncompliance with rule 517.1 on appeal, but the Court remanded, saying:

"Clear and complete findings by the trial judge are essential to enable us properly to exercise and not exceed our powers of review.

" 'We must know what a decision means before the duty becomes ours to say whether it is right or wrong.' Mr. Justice Cardozo, for the Court, in *United States v Chicago, M St P & P R Co* (1935), 294 US 499, 511 (55 S Ct 462, 467; 79 L Ed 1023, 1032).

"The parties in the trial court did not request the trial judge to make findings of fact under the rule. However, the duty to make such findings of fact is not dependent upon a request, but is mandatory upon the trial judge.

"The failure of the trial court to comply with the mandates of GCR 1963, 517.1, requires us to set aside the judgment of divorce and remand the cause to the trial court for further proceedings and compliance with the rule."

Of equal, if not greater, importance to our resolution of the issue is this Court's approving citation in *Matthews, supra,* 240, of the following explanation of the need for specific findings of fact:

" 'Since rule 517 is based upon Federal rule 52(a), it may be presumed that the purpose of the Michigan rule is the same as that underlying the Federal rule. This purpose has been stated as follows:

" ' "The purpose of rule 52(a) is to aid the appellate court by affording it clear understanding of the ground or basis of the decision of the trial court. Another purpose of requiring findings of fact and conclusions of law is to make definite just what is decided by the case in order to apply the doctrines of estoppel and res judicata to future cases. Finally, and possibly most

important, the requirement that findings of fact be made is intended to evoke care on the part of the trial judge in ascertaining the facts." Baron and Holtzoff, Federal Practice and Procedure, § 1121, pp 481-482.' 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 592."

Although we are not bound by Federal decisions analyzing the above-cited Federal rule, they nonetheless provide a guide for decision on matters regarding GCR 517 heretofore not decided by Michigan appellate courts.

Addressing the question of whether a party may effectively waive the otherwise required findings of fact, the Court in *Swanson v Levy,* 509 F2d 859, 861 (CA 9, 1975), answered in the negative. *Cf., United States v Horsfall,* 270 F2d 107, 110 (CA 10, 1959). Although a civil case, *Swanson* does illuminate the necessity of fact finding as an aid to appellate review and lends credence to the notion that the primary intended beneficiary of such findings is the reviewing court, not the parties. Such reasoning is also consonant with a no-waiver rule of law. A no-waiver rule is all the more important in the criminal setting, where the privation of a defendant's liberty almost always hangs in the balance. We choose to follow the Federal lead and hold, as a matter of Michigan law, that neither party to a criminal case may effectively waive the requirement that the trial court find the facts specially and state separately its conclusions of law thereon, which requirement is imposed pursuant to GCR 1963, 517.1 and *Robert Jackson, supra.*

We, therefore, remand this case to the trial court which shall, within 60 days, make findings of fact pursuant to GCR 1963, 517.1. We retain jurisdiction.