PEOPLE v VANDERGRIFT

Docket No. 49378. Submitted April 9, 1981, at Grand Rapids.—Decided July 7, 1981.

Larry H. Vandergrift was charged with driving a motor vehicle while under the influence of intoxicating liquor and, following a bench trial before the Recorder's Court of Detroit, Traffic and Ordinance Division, William C. Hague, J., was convicted of driving while visibly impaired. Defendant appeals, alleging that he was denied due process of law by the fact that the trial court considering these criminal charges reached a conclusion relative to whether defendant refused to take a Breathalyzer test contrary to the determination of the Wayne Circuit Court in a prior appeal of the revocation of defendant's motor vehicle operator's license. *Held:*

Since the circuit court in the license revocation proceedings did not have the benefit of the testimony of the police officers and decided only that that defendant was willing to take the Breathalyzer test, the Recorder's Court judge was not bound in these criminal proceedings by the finding of the circuit court in the prior license revocation proceedings. The trial court herein properly found that defendant was guilty of driving while impaired within the meaning of the controlling statute.

Affirmed.

1. APPEAL — FINDINGS OF FACT — NONJURY TRIALS — COURT RULES.

The failure of a trial court sitting without a jury to make findings of fact in accordance with the mandate of the court rules does not require remand by a reviewing court where it is manifest that the trial court was aware of the factual issue and resolved

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 4 Am Jur 2d, Appeal and Error § 76.

[2] Application of "clearly erroneous" test of Rule 52(a) of Federal Rules of Civil Procedure to trial court's findings of fact based on documentary evidence. 11 ALR Fed 212.

[3] 7A Am Jur 2d, Automobiles and Highway Traffic § 122 *et seq.*

Suspension or revocation of driver's license for refusal to take sobriety test. 88 ALR2d 1064.

that issue and it would not facilitate appellate review to require further findings of fact (GCR 1963, 517.1).

2. APPEAL — FINDINGS OF FACT — NONJURY TRIALS — COURT RULES.

A finding of fact by a court sitting without a jury is clearly erroneous where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed (GCR 1963, 517.1).

3. INTOXICATING LIQUORS — AUTOMOBILES — ACTIONS — EVIDENCE — ESTOPPEL.

Findings of fact by a circuit court in a proceeding concerning the revocation of a motor vehicle operator's permit relative to whether the operator of the motor vehicle was willing to take a Breathalyzer test have no binding effect upon a court which subsequently, in a criminal trial of the operator for operating the vehicle while intoxicated or impaired, must decide whether the operator was denied the opportunity to take such test.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

*Walter Lyshak,* for defendant.

Before: MACKENZIE, P.J., and V. J. BRENNAN and M. F. CAVANAGH, JJ.

PER CURIAM. Defendant was charged with driving a motor vehicle while under the influence of intoxicating liquor, MCL 257.625; MSA 9.2325. After a bench trial, defendant was found guilty of operating a motor vehicle while his ability was visibly impaired due to the consumption of intoxicating liquor, MCL 257.625b; MSA 9.2325(2). Defendant was ordered to pay a fine of $200 or to serve 20 days in the Detroit House of Corrections. Defendant appeals as of right.

At trial, the judge of the Recorder's Court denied defendant's motion to dismiss the charges. Defendant's motion to dismiss was based upon his contention that a prior circuit court restoration of defendant's driver's license was relevant to his criminal trial and would lead the trial court to conclude that defendant was denied a requested Breathalyzer test.

Defendant asserts that it was error for the trial judge to find defendant guilty of operating a motor vehicle while visibly impaired because defendant was refused the opportunity to take the Breathalyzer test. Although the trial judge did not specifically state whether or not he found defendant had been refused the Breathalyzer test, a judge's failure to find facts does not require remand where it is manifest that he was aware of the factual issue, he resolved it, and it would not facilitate appellate review to require further explication of the path he followed in reaching the result. *People v Robert Jackson,* 390 Mich 621, 627, fn 3; 212 NW2d 918 (1973), *People v Smith,* 101 Mich App 110; 300 NW2d 470 (1980), *People v Green,* 32 Mich App 482; 189 NW2d 122 (1971), *People v George Scott,* 21 Mich App 217-218; 175 NW2d 312 (1970). The trial judge made specific findings upon which he based his judgment that the defendant was visibly impaired. We infer from the trial judge's findings that he found defendant was not refused the opportunity to take a Breathalyzer test because, after the defendant's motion to dismiss, the trial judge stated that he was aware of the law but that he would proceed to determine the factual issues. The determination of whether defendant was denied the opportunity to take a Breathalyzer test was a factual issue. The trial judge found the defendant guilty of operating a motor vehicle while visibly impaired. Therefore, it my be in-

ferred that the trial court did find that the defendant was not denied the opportunity to take the Breathalyzer test.

Findings by a trial judge sitting in a nonjury trial will be reviewed in accordance with GCR 1963, 517.1, which provides in pertinent part:

"Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it."

A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed". *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976).

We find that in the present case there was sufficient evidence to support the court's finding that the defendant was not refused an opportunity to take a Breathalyzer test. Although the defendant maintained that he requested the Breathalyzer test after being in the police station for about 45 minutes, the police officer testified that within one hour he had asked defendant three times whether he wanted to take this test and each time defendant refused. Pursuant to GCR 1963, 517.1, we will give special regard to the trial court's opportunity to judge the credibility of these witnesses who appeared before it. Apparently, the trial judge chose to believe the police officer. We find that the trial court did not err in finding that defendant was not denied his opportunity to take a Breathalyzer test and was guilty of operating a motor vehicle while visibly impaired.

Defendant next maintains that the findings of

the circuit court hearing restoring his driver's license should be binding on the Recorder's Court in his trial on the charge of driving a motor vehicle while under the influence of intoxicating liquor. Defendant cites no law in support of this proposition.

If a driver, arrested for drunk driving, refuses to take a Breathalyzer test, his or her driver's license is automatically suspended for 90 days unless the driver requests a hearing. MCL 257.625f; MSA 9.2325(6). Defendant's driver's license was suspended and then restored by circuit court order after a hearing. Defendant maintains that the circuit court found that he had been denied the opportunity to take a Breathalyzer test and that that finding should be binding in the Recorder's Court trial on the charge of drunk driving.

The Recorder's Court was not provided with a transcript of the circuit court proceedings. At the circuit court hearing, no police testimony was taken, therefore, defendant's testimony was uncontroverted. Defendant's attorney stated that defendant called him after he was arrested and he advised defendant to take the Breathalyzer test. The circuit court found that defendant's attorney offered corroborative evidence of the fact that defendant asked for a Breathalyzer test. That court also stated that it was satisfied that defendant was willing to take the test and, therefore, the license should be restored.

We find that the findings of the circuit court were not binding on the Recorder's Court. First, although the circuit court found that the defendant was willing to take the test, it did not specifically state, as defendant contends, that the defendant was denied the opportunity to take the test. The circuit court did not have the opportunity to

hear the testimony of the police officers. The Secretary of State, who was the respondent in the circuit court proceedings, presented no witnesses. Second, the proceedings in the circuit court were civil in nature, and the proceedings in the Recorder's Court were criminal, therefore, the burdens of proof were not the same. Third, the issues presented in the two court proceedings were not the same. In circuit court, the issue was whether the defendant was entitled to continuation of the privilege of operating a motor vehicle. In Recorder's Court, the issue was whether, beyond a reasonable doubt, defendant had violated MCL 257.625; MSA 9.2325. Finally, in other jurisdictions where the hearing on the revocation of one's driver's license was held subsequent to the defendant's acquittal on a drunk driving charge, the fact of an acquittal of the criminal charge was not binding on a subsequent court in a hearing on the revocation of a driver's license. *Prucha v Dep't of Motor Vehicles,* 172 Neb 415; 110 NW2d 75 (1961), *Combes v Kelly,* 2 Misc 2d 491; 152 NYS2d 934 (1956), *Anderson v MacDuff,* 208 Misc 271; 143 NYS2d 257 (1955). We apply the rationale of these cases to the present case even though the order of proceedings is reversed. The defendant's conviction is affirmed.

Affirmed.