PEOPLE v DAVIS

Docket No. 65213. Submitted January 21, 1983, at Detroit.—Decided
May 18, 1983.

Gary D. Davis was convicted of felonious assault and felony-
firearm, Detroit Recorder's Court, Richard P. Hathaway, J. The
defendant appealed, alleging that the trial court's findings of
fact were insufficient. *Held:*

The trial judge's findings of fact were insufficient. The trial
court in a criminal bench trial must at least make findings as
to the elements of the crime in order for the Court of Appeals
to know what law the trial court applied. The trial court's
failure to specifically state that it had found each element for
both crimes necessitates remand.

Remanded.

1. ASSAULT AND BATTERY — FELONIOUS ASSAULT.

The crime of felonious assault is a specific intent crime; it
requires that a defendant either intend to injure the victim or
intend to put him in reasonable fear of an immediate battery
(MCL 750.82; MSA 28.277).

2. WEAPONS — FELONY-FIREARM.

A prosecuting attorney must show that a defendant knowingly
carried or possessed a firearm and that it was carried or
possessed during the perpetration of a felony or an attempted

REFERENCES FOR POINTS IN HEADNOTES

[1] 6 Am Jur 2d, Assault and Battery §§ 20, 48, 49, 51.
[2] 79 Am Jur 2d, Weapons and Firearms § 15.
[3, 4] 76 Am Jur 2d, Trial § 1250 *et seq.*
[5] 5 Am Jur 2d, Appeal and Error § 974.
     76 Am Jur 2d, Trial § 1267.
[6] 21 Am Jur 2d, Criminal Law §§ 54, 155, 157.
When intoxication deemed voluntary so as to constitute defense to
criminal charge. 73 ALR3d 195.
Drug addiction or related mental state as defense to criminal
charge. 73 ALR3d 16.
Modern status of rules as to voluntary intoxication as defense to
criminal charge. 8 ALR3d 1236.

felony to prove the defendant guilty of felony-firearm (MCL 750.227b; MSA 28.424[2]).

3. Trial — Findings of Fact — Court Rules.
   A trial court in all actions tried upon the facts without a jury is required to make full findings of fact because such findings (1) show how the trial court resolves credibility issues and conflicts within the evidence and (2) reveal the law the court applied; both requirements are necessary to facilitate appellate review (GCR 1963, 517.1).

4. Criminal Law — Findings of Fact.
   A trial court in a criminal case in which the defendant is convicted in a bench trial should state that it has found each element of that crime for which the defendant was convicted in order to enable an appellate court to know the law that the trial court applied.

5. Appeal — Findings of Fact — Remand.
   A trial judge's failure to find the facts does not require remand on appeal where it is manifest that he was aware of the factual issue, that he resolved it, and it would not facilitate appellate review to require further explication of the path that he followed in reaching the result.

6. Assault and Battery — Felonious Assault — Defenses — Intoxication.
   Intoxication is a defense to the crime of felonious assault (MCL 750.82; MSA 28.277).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Patricia S. Slomski,* for defendant on appeal.

Before: T. M. Burns, P.J., and R. M. Maher and Hood, JJ.

Per Curiam. On April 28, 1983, following a bench trial, the defendant was convicted of felonious assault, MCL 750.82; MSA 28.277, and felony-

firearm, MCL 750.227b; MSA 28.424(2), and was subsequently sentenced to consecutive terms of from one to four years and two years imprisonment. He appeals as of right.

Defendant's only issue on appeal is that the trial court's findings of fact did not sufficiently comply with GCR 1963, 517.1. The court's findings are as follows:

"Well, looking at the testimony of the original witness for the people * * *, she stated she did know Mr. Davis, had been friends for some time. She herself was 26 years old. She was staying with Mr. Davis on this particiular evening in the area of Mt. Elliott. She did testify that there was an argument on this particular evening. She testified to the effect that she was going to see a doctor, get a check-up.

"Mr. Davis said something to the effect that he was going to put her in the hospital. She went on to testify, she said that Mr. Davis had been drinking. He had smelled of alcohol, and that in her view Mr. Davis was playing with a gun, that he miscalculated in putting a bullet in the second chamber rather than the third chamber which resulted in pointing the gun and clicking the gun off in the direction of her head and it discharged.

"There was some testimony that Mr. Davis did present her with some type of cloth or rag to stop the bleeding and he did, in fact, make a telephone call to EMS.

"I don't think the people have satisfied their burden with regard to the charge in the information, that being assault with intent to murder. I do believe though that there is some authority stating that the crime of felonious assault is, in fact, a specific intent crime.

"I think if this was a jury trial, this court would have to give the instruction on specific intent. This court does believe, however, that intent is established by the prosecution with regard to Mr. Gary Douglass Davis was one of felonious assault.

"It's this court's finding of fact that on this particular

date, November 10, 1981, in the area of 6334 Mack Avenue, Mr. Gary Douglass Davis did commit the crime of felonious assault, and also did commit the crime of possession of a firearm in the commission or attempt to commit a felony. That being the case, the people have satisfied their burden to this court beyond a reasonable doubt * * *."

Felonious assault is a specific intent crime. It requires that the defendant either intend to injure the victim or intend to put him in reasonable fear of immediate battery. *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979). Although the trial court acknowledged that felonious assault is a specific intent crime, it did not specifically find either of these alternatives as required by *Joeseype Johnson.*

. To prove felony-firearm, the prosecution must show that the defendant carried or possessed the firearm and that it was carried or possessed during a felony or an attempted felony. *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374, 397-398; 280 NW2d 793 (1979). The possession must be knowing. *People v Hunt,* 120 Mich App 736; 327 NW2d 547 (1982); *People v Yarbrough,* 107 Mich App 332; 309 NW2d 602 (1981). In the present case, the trial court merely found defendant guilty of this crime without specifically finding any of the elements.

GCR 1963, 517.1 requires a full finding of fact for two reasons. First, it shows how the trial court resolved credibility issues and conflicts within the evidence. See *People v Eaton,* 413 Mich 862 (1982). Second, it reveals the law the trial court applied. *People v Bruce Ramsey,* 89 Mich App 468; 280 NW2d 565 (1979), *lv den* 407 Mich 861 (1979). 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 592. Both of these requirements

are necessary to facilitate appellate review. *People v Kelly,* 122 Mich App 427; 333 NW2d 68 (1983); *Wolfe v Howatt,* 119 Mich App 109; 326 NW2d 442 (1982).

The findings of fact in the present case did not comply with the court rule. In order for this Court to know what law was applied, the trial court must at least find the elements of the crime. In *People v McShan,* 120 Mich App 496; 327 NW2d 509 (1982), this Court remanded where the trial court failed to mention in its opinion the specific intent element in felonious assault. See also *People v Triplett,* 414 Mich 898; 323 NW2d 7 (1982); *People v Rae,* 103 Mich App 293; 302 NW2d 845 (1980). The trial court's failure to specifically state that it had found each element for both crimes necessitates remand.

Under certain circumstances, appellate courts will not remand for a full fact-finding even if the fact-finding is inadequate:

"A judge's failure to find the facts does not require remand where it is manifest that he was aware of the factual issue, that he resolved it and it would not facilitate appellate review to require further explication of the path he followed in reaching the result as, for example, where the only factual issue is identification." *People v Jackson,* 390 Mich 621, 627, fn 3; 212 NW2d 918 (1973).

See *People v Vandergrift,* 107 Mich App 555; 309 NW2d 665 (1981). However, this exception by its own terms is limited only to the first reason for GCR 1963, 517.1—resolving credibility issues and conflicts within the evidence. It does not apply to finding the elements of the crime in criminal cases. An appellate court cannot sufficiently know that the trial court has found the defendant guilty

of the crime charged unless it specifically finds each element.[1]

On remand, the trial court is also to specifically consider and make findings on defendant's intoxication and accident defenses. See *People v McKeever,* 123 Mich App 533; 332 NW2d 596 (1983); *People v Stanford,* 68 Mich App 168, 174-175; 242 NW2d 56 (1976). Intoxication is a defense to felonious assault. *People v Polk (On Rehearing),* 123 Mich App 737; 333 NW2d 499 (1983); *People v Wilson,* 113 Mich App 591; 318 NW2d 479 (1981).

Remanded to make findings of fact pursuant to GCR 1963, 517.1. We do not retain jurisdiction.[2]

---

[1] In *People v Jackson,* 81 Mich App 18; 264 NW2d 101 (1978), this Court failed to remand where the trial court's findings to a felonious assault charge was a general verdict of guilty. However, we decline to follow it. Not only has this case already been criticized, *People v Smith,* 101 Mich App 110; 300 NW2d 470 (1980), but it was decided before *Joeseype Johnson, supra.* Even though *Joeseype Johnson* is to be applied retroactively, *People v Hale,* 411 Mich 1002; 308 NW2d 166 (1981); *People v Norwood,* 123 Mich App 287; 333 NW2d 255 (1983) ·(MAHER, J., *concurring); People v Ideis,* 101 Mich App 179; 300 NW2d 489 (1980), *lv den* 411 Mich 854 (1981), a number of panels on this Court had ruled before *Joeseype Johnson* that felonious assault is merely a general intent crime. *E.g., People v Jordan,* 51 Mich App 710; 216 NW2d 71 (1974); *People v Rohr,* 45 Mich App 535; 206 NW2d 788 (1973).

[2] Under normal circumstances, we retain jurisdiction when remanding on this issue. *E.g., Eaton, supra; Stanford, supra.* However, because defendant's only request is for a remand, we have completed our task in this case by granting it. See *Jackson, supra,* p 628.