PEOPLE v ONE 1979 HONDA AUTOMOBILE

Docket No. 78889. Submitted October 10, 1984, at Lansing.—Decided December 17, 1984.

Karen Newcombe was charged in the Lapeer Circuit Court with delivery of marijuana and obstructing a police officer. The present action, a forfeiture action, was then commenced in the Lapeer Circuit Court seeking the forfeiture to the state of a 1979 Honda two-door automobile, co-owned by Karen Newcombe and her father, Clyde McFarlin, which had been involved in the delivery of marijuana. Following the forfeiture hearing, the trial court, Martin E. Clements, J., directed that the automobile be forfeited to the state. The co-owners appealed to the Court of Appeals and filed an emergency motion to stay the forfeiture. The Court of Appeals granted the stay on July 31, 1984. *Held:*

1. Newcombe is not exempt from the forfeiture statute by virtue of § 7521(d)(iii) of the Public Health Code. Newcombe was not charged with mere possession or use but, rather, was charged with a violation of the statute prohibiting the delivery or possession with intent to deliver marijuana. Therefore, the exemption from forfeiture for violation of the statutes regarding the possession or use of marijuana do not apply.

2. The fact that Newcombe was the sole driver of the vehicle, maintained it and was responsible for insuring the vehicle, is sufficient to permit her involvement in the delivery of marijuana to provide the requisite knowledge or consent under the forfeiture statute. The trial court did not err. The Court of Appeals agreed with the jurisdictions which have held that, in the case of joint ownership, the guilty knowledge of one co-

---

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 27.25.
  36 Am Jur 2d, Forfeitures and Penalties § 25.
  Relief to owner of motor vehicle subject to state forfeiture for use in violation of narcotics laws. 50 ALR3d 172.
[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 17, 21.
  Constitutionality of state legislation imposing criminal penalties for personal possession or use of marijuana. 96 ALR3d 225.
[3] 7A Am Jur 2d, Automobiles and Highway Traffic § 632.
  36 Am Jur 2d, Forfeitures and Penalties §§ 18, 19.

owner that the conveyance or vehicle is involved in a prohibited transaction subject to forfeiture is sufficient to provide a basis for such forfeiture. The Court of Appeals would also find a sufficient basis for forfeiture in a situation where the co-owner actually uses the vehicle to effectuate the prohibited activity.

3. There was no unreasonable delay in the inititation of the forfeiture proceedings.

4. The stay entered by the Court of Appeals in its order of July 31, 1984, is set aside.

Affirmed.

1. FORFEITURES AND PENALTIES — CONTROLLED SUBSTANCES — CONVEYANCES.

The term "conveyance" as used in the statute regarding the forfeiture of property used to facilitate any prohibited transaction concerning illicit drugs refers to some type of vehicle which, if used to facilitate any prohibited transaction concerning illicit drugs, is subject to forfeiture (MCL 333.7521; MSA 14.15[7521]).

2. FORFEITURES AND PENALTIES — CONTROLLED SUBSTANCES — EXEMPTIONS FROM FORFEITURE.

The statute regarding the forfeiture of property used to facilitate any prohibited transaction concerning illicit drugs exempts from forfeiture under the statute violations of the statutes which prohibit the knowing and intentional possession of marijuana or the use of marijuana (MCL 333.7403[2][c] or [d], 333.7404, 333.7521[d][iii]; MSA 14.15[7403][2][c] or [d], 14.15[7404], 14.15[7521][d][iii]).

3. FORFEITURES AND PENALTIES — CONTROLLED SUBSTANCES — CONVEYANCES — JOINT OWNERSHIP.

The guilty knowledge of one co-owner, in the case of joint ownership, that a conveyance or vehicle is involved in a prohibited transaction concerning illicit drugs for which the conveyance or vehicle is subject to forfeiture is sufficient to provide a basis for such forfeiture pursuant to the statute pertaining thereto; a sufficient basis for a forfeiture is also provided where the co-owner actually uses the vehicle to effectuate the prohibited activity (MCL 333.7521[d][ii]; MSA 14.15[7521][d][ii]).

4. FORFEITURES AND PENALTIES — CONTROLLED SUBSTANCES — ACTIONS.

Prompt action is required in instituting proceedings pursuant to the statute regarding the forfeiture of property used to facilitate any prohibited transaction concerning illicit drugs (MCL 333.7523; MSA 14.15[7523]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Nick O. Holowka,* Prosecuting Attorney, and *Justus C. Scott,* Chief Assistant Prosecuting Attorney, for the people.

*Samuel A. Ragnone,* for Karen Newcombe and Clyde McFarlin.

Before: DANHOF, C.J., and GRIBBS and R. M. SHUSTER,* JJ.

DANHOF, C.J. Karen Newcombe was charged in the Lapeer County Circuit Court with delivery of marijuana, MCL 33.7401(1), (2)(c); MSA 14.15(7401)(1), (2)(c), and obstructing a police officer, MCL 750.479; MSA 28.747. A forfeiture action in regard to the automobile used to facilitate the drug delivery was commenced pursuant to MCL 333.7521 *et seq.;* MSA 14.15(7521) *et seq.* On April 2, 1984, following the forfeiture hearing, the court directed that the automobile be forfeited to the state. An appeal was taken to this Court, and on June 14, 1984, an emergency motion to stay the forfeiture of the automobile was filed. On July 31, 1984, we granted the stay.

In the forfeiture proceeding below, Newcombe contended that under the provisions of MCL 333.7521(d)(ii); MSA 14.15(7521)(d)(ii) the automobile was not subject to forfeiture because the alleged violations of the Public Health Code were "committed or omitted without the owner's knowledge or consent," *i.e.,* Clyde McFarlin, the father of Karen Newcombe, was the registered co-owner of the 1979, two-door Honda and was without knowledge of the illicit activity. As an alternate ground, Newcombe urged that under the provisions of MCL 333.7521(d)(iii); MSA

---

* Circuit judge, sitting on the Court of Appeals by assignment.

14.15(7521)(d)(iii) the automobile was not subject to forfeiture for the alleged violations of § 7403(2)(c) or (d) or § 7404 of the Public Health Code. The trial court rejected both of these arguments and directed that the automobile in question be forfeited to the state. It is from the order of forfeiture that the instant appeal is taken.

At the hearing on the forfeiture proceeding held on April 2, 1984, it was established that Karen Newcombe and her father, Clyde McFarlin, were the registered co-owners of the 1979, two-door Honda in question here. McFarlin does not reside with his daughter, nor was it his address which was placed on the title. Moreover, no secured party was listed on the title. McFarlin had simply loaned Newcombe about $2,200 to purchase the car. She makes payments to him, currently owing between $1,800 and $1,900. McFarlin stated that his name is on the title so that he has "a chance to get [his] twenty-two hundred dollars back". Newcombe drives the vehicle and pays for the car insurance and maintenance; her father does not drive it at all.

The instant controversy revolves around § 7521(d)(ii) and (iii), which provides as follows:

"Sec. 7521. The following property is subject to forfeiture:

\* \* \*

"(d) A conveyance, including an aircraft, vehicle, or vessel used or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in subdivision (a) or (b), but:

\* \* \*

"(ii) A conveyance is not subject to forfeiture by reason of any act or omission established by the owner thereof to have been committed or omitted without the owner's knowledge or consent.

"(iii) A conveyance is not subject to forfeiture for a violation of section 7403(2)(c) or (d), or section 7404."

"Conveyance" within the meaning of § 7521 refers to some type of vehicle which, if used to facilitate any prohibited transaction concerning illicit drugs, is subject to forfeiture. Exempted from forfeiture pursuant to § 7521(d)(iii) are violations of § 7403(2)(c) or (d) or § 7404 which, Newcombe argues, govern the present situation. Section 7403(2)(d) prohibits the knowing and intentional *possession* of marijuana, while § 7404 proscribes the *use* of marijuana. Were the instant case involved solely with the possession of marijuana, the automobile in question here would clearly not be subject to forfeiture. See *Amrani-Khaldi v State,* 575 SW2d 667 (Tex Civ App, 1978). Newcombe, however, incorrectly argues that she was charged with a § 7403(2)(d) violation. Rather, she was charged with the violation of § 7401(1), (2)(c) which prohibits the *delivery* or *possession with intent to deliver* of marijuana. Accordingly, Newcombe is not exempt from the forfeiture statute by virtue of § 7521(d)(iii), since she was not charged with mere possession or use.

Next, Newcombe argues what appears to be an issue of first impression in Michigan, *viz:* because McFarlin is an "owner" of the vehicle and without "knowledge or consent" of the illegal activities which the use of the vehicle facilitated, the 1979 Honda is exempt from the forfeiture statute pursuant to § 7521(d)(ii), reproduced above. We disagree and affirm the trial court.

We agree with the jurisdictions addressing the issue which have held that, in the case of joint ownership, the guilty knowledge of one co-owner that the conveyance or vehicle is involved in a prohibited transaction subject to forfeiture is suffi-

cient to provide a basis for such forfeiture. *In re One 1976 Dodge Van,* 429 So 2d 718, 719 (Fla, 1983). Accord, *In the Matter of 1976 Blue Ford Pickup,* 120 Ariz 432, 435; 586 P2d 993, 996 (1978); *Amrani-Khaldi v State, supra* (based on community property laws). Obviously, so too is the situation where the co-owner actually uses the vehicle to effectuate the prohibited activity. *In re One 1976 Dodge Van, supra.* Indeed, the case relied upon by Newcombe, *State v One Ford Van, Econoline,* 154 NJ Super 326; 381 A2d 387 (1977), for the proposition that forfeiture of an innocent person's vehicle would not serve any valid purpose, and that forfeiture statutes should be construed in favor of the person whose property is to be seized, actually noted that "[w]here [an owner] allows the vehicle to be freely used by another who knowingly permits it to be used or uses it to transport contraband the exception does not apply, regardless of the owner's innocence". 154 NJ Super 335; 381 A2d 392.

In the instant case, Newcombe was the sole driver of the vehicle. She maintained it and was responsible for insuring it. Her name is also on the title as a co-owner. We find these facts sufficient to permit Newcombe's involvement in the delivery of marijuana to provide the requisite knowledge or consent under the statute. There was no error below.

Newcombe also asserts that the state failed to "promptly" initiate forfeiture proceedings in that the vehicle was seized on November 1, 1983, but the forfeiture action was not commenced until January 20, 1984. In support of this contention, Newcombe cites *State v One Ford Van, Econoline, supra,* and *State v One 1980 Harley Davidson Motorcycle,* 57 Md App 178; 469 A2d 487 (1984).

These cases, however, involved 14-month and 6-month delays, respectively. And the latter case involved a statute which required a hearing within a prescribed time after conviction on the underlying offense. By contrast, MCL 333.7523; MSA 14.15(7523) only requires "prompt" action in instituting proceedings. We find no unreasonable delay here.

The stay entered by this Court's order of July 31, 1984, is set aside.

Affirmed.