CHEBOYGAN COUNTY CONSTRUCTION CODE DEPARTMENT v
BURKE

Docket No. 80821. Submitted June 18, 1985, at Lansing.—Decided
    December 17, 1985.

    On June 11, 1982, plaintiff, the Cheboygan County Construction
    Code Department, filed a complaint in the Cheboygan Circuit
    Court seeking an order to declare a certain structure, a former
    IGA Supermarket, to be a public nuisance and to provide for its
    abatement. The facts indicated that defendants Jack and Mar-
    tha Ellis purchased the property in 1976 and executed a
    mortgage for the purchase price to Cheboygan Bank, the prede-
    cessor of defendant First of America Bank—Straits Area. The
    land was then sold to defendant Kenneth Reich on a land
    contract. Reich later went bankrupt and died. Defendant James
    Burke, Sr., is Reich's trustee in bankruptcy and defendant
    Travelers Indemnity Company provided defendant Burke's
    bond. The trial court, Robert C. Livo, J., issued an order
    declaring the property to be a public nuisance and ordering
    Burke to abate the nuisance. When Burke did not have the
    building demolished, the court issued an order authorizing the
    plaintiff to do so. A contractor for the plaintiff then demolished
    the building at a cost of $4,600. Plaintiff then filed a motion to
    recover the cost of the demolition. The court issued an order
    allowing plaintiff to recover costs in the amount of $4,600 and
    directing that the judgment be filed as a lien against the
    property. The defendant bank then petitioned the circuit court
    to clarify its order to determine whether plaintiff's lien was
    superior to the mortgage lien of the bank on the property. The
    court ruled that plaintiff's lien was superior because plaintiff
    was the first party to reduce its lien to a judgment. The
    defendant bank appeals from the order to that effect. *Held:*

        1. The trial court erred in determining that plaintiff's lien

REFERENCES

Am Jur 2d, Liens §§ 51-54, 57.

Am Jur 2d, Nuisances § 184.

See the annotations in the ALR3d/4th Quick Index under Liens
    and Encumbrances; Nuisances.

was superior. The bank's mortgage lien has priority over plaintiff's judgment lien.

2. The general rule is first in time, first in right. There is no statute applicable to the facts of this case which creates an exception to the general rule.

3. The common law proposition, that a recorded mortgage lien was superior to any lien subsequently recorded, regardless of the fact that a later lien might have been reduced to judgment, remains valid since it is not altered by statute.

Reversed.

1. LIENS — COMMON LAW — PRIORITY OF LIENS.

A recorded mortgage lien was superior under the common law to any lien subsequently recorded, regardless of the fact that a later lien might have been reduced to a judgment; this proposition remains valid unless altered by statute.

2. LIENS — PRIORITY OF LIENS.

The general rule in regard to the priority of liens is first in time, first in right.

3. NUISANCE — ABATEMENT OF PUBLIC NUISANCE — COMMON LAW — PRIORITY OF LIENS.

The common-law procedure for abating a public nuisance is supplemented by a statute which sets out the procedure for abating nuisances and provides that the costs of abating or removing the nuisance shall be paid by the defendant; costs of abatement may be collected as upon execution, but the statute regarding abating nuisances is silent regarding liens or priorities; the execution statutes are also silent as to the priorities in this situation (MCL 600.2940; MSA 27A.2940; Revised Judicature Act, Chapter 60).

4. NUISANCE — ABATEMENT OF PUBLIC NUISANCE — PRIORITY OF LIENS.

A public nuisance statute which specifically gives priority to the payment of the costs of abating a nuisance and then favors discharge of liens according to their priorities applies only to nuisances arising from the use of property for prostitution, gambling and the sale of narcotics and intoxicating liquors (MCL 600.3801 *et seq.;* MSA 27A.3801 *et seq.).*

*Jeffery T. Lyon,* for First of America Bank-Straits Area.

Before: Aʟʟᴇɴ, P.J., and Wᴀʜʟs and J. P. O'Bʀɪᴇɴ,* JJ.

Pᴇʀ Cᴜʀɪᴀᴍ. Defendant First of America Bank appeals as of right from a September 28, 1984, order finding plaintiff's judgment lien to be superior to the bank's mortgage lien. The issue raised is one of first impression.

This matter arose over a parcel of real estate in Indian River, Michigan, where a former IGA Supermarket was located. Defendants Ellis purchased the property in 1976 and executed a mortgage for the purchase price to the bank's predecessor, Cheboygan Bank. The land was then sold to defendant Reich on a land contract. Reich later went bankrupt and died. Defendant Burke is Reich's trustee in bankruptcy.

On June 11, 1982, plaintiff filed a complaint in the circuit court for an order to have the property declared a public nuisance and for an order to abate the public nuisance and demolish the dilapidated IGA Supermarket building after snow had caved in the roof. The building was declared a public nuisance and, when Burke did not have the building demolished as directed by the court, plaintiff was authorized to demolish the building. Plaintiff did so through a contractor at a cost of $4,600.

Plaintiff then filed a motion to recover the cost of the demolition. The circuit court granted plaintiff's motion by an order entered May 30, 1984. The order allowed plaintiff to recover costs in the amount of $4,600 and directed that the judgment be filed as a lien against the property. Subsequently, defendant bank petitioned the circuit court to clarify its order to determine whether plaintiff's lien was superior to the mortgage lien of the bank on the property. The court ruled that

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

plaintiff's lien was superior because plaintiff was the first party to reduce its lien to a judgment.

We find that the circuit court erred when it determined that plaintiff's lien was superior. At common law, a recorded mortgage lien was superior to any lien subsequently recorded, regardless of the fact that a later lien might have been reduced to judgment. *Erickson v Lampi,* 150 Mich 92, 93; 113 NW 778 (1907). Unless altered by statute, this proposition remains vailid. *Sloat v Mid-West Finance Corp,* 219 Mich 577, 579; 189 NW 52 (1922).

The common-law precedure for abating a public nuisance is supplemented by two statutes. MCL 600.2940; MSA 27A.2940 sets out the procedure for abating nuisances. It provides that the costs of abating or removing the nuisance shall be paid by the defendant. Costs of abatement may be collected as upon execution, but the statute says nothing further regarding liens or priorities. Similarly, the execution statutes are silent as to priorities in this situation. Revised Judicature Act, Chapter 60.

The other public nuisance statute is MCL 600.3801 *et seq.;* MSA 27A.3801 *et seq.* Section 3835 specifically gives priority to payment of the costs of abating a nuisance and then favors discharge of liens according to their priorities. However, that statute applies only to nuisances arising from the use of property for prostitution, gambling and the sale of narcotics and intoxicating liquors, and thus is inapplicable here.

The general rule is "first in time, first in right". There is no statute applicable to the facts in this case which creates an exception to the general rule. Since the common law is valid unless altered by statute, we find the bank's mortgage lien to have priority over plaintiff's judgment lien.

Reversed.