DERRICK v CITY OF DETROIT

Docket No. 100679. Submitted December 8, 1987, at Detroit. Decided March 10, 1988. Leave to appeal applied for.

Arthur Derrick brought a claim and delivery action in Wayne Circuit Court against the City of Detroit, seeking the return of certain property and $181,310.94 in cash seized by Detroit police officers pursuant to the forfeiture provisions of the controlled substances act. The trial court, Michael J. Talbot, J., dismissed the action. Plaintiff appealed.

The Court of Appeals *held:*

1. Section 7523 of the controlled substances act does not prohibit forfeiture of property exceeding $100,000 in value. Rather, the statute merely states that, in cases in which seizure is made without process under one of the enumerated provisions of § 7522 and the value of the property seized does not exceed $100,000, the procedures set forth in § 7523(1) are to be applied.

2. Property taken or detained under the forfeiture provisions of the controlled substances act is not subject to an action to recover personal property, but is deemed to be in the custody of the seizing agency subject only to § 7523 of the act or an order and judgment of the court having jurisdiction over the forfeiture proceedings.

3. The forfeiture provisions of the controlled substances act are not unconstitutional.

4. The Wayne Circuit Court administrative order authorizing one judge to hear all forfeiture cases does not constitute an impermissible delegation of judicial power. Under the court rules, a chief judge may assign all forfeiture cases to one judge.

Affirmed.

1. FORFEITURES AND PENALTIES — SEIZURE OF CONTRABAND — STATUTES.

Property exceeding $100,000 in value may be forfeited under the

REFERENCES

Am Jur 2d, Forfeitures and Penalties §§ 28 *et seq.*

Am Jur 2d, Statutes §§ 142 *et seq.*

Necessity of conviction of offense associated with property seized in order to support forfeiture of property to state or local authorities. 38 ALR4th 515.

controlled substances provisions of the public health code (MCL 33.7523[1]; MSA 14.15[7523][1]).

2. FORFEITURES AND PENALTIES — SEIZURE OF CONTRABAND — STATUTES.

Property taken or detained under the controlled substances provisions of the public health code is not subject to an action to recover personal property, but is deemed to be in the custody of the seizing agency subject only to a section of the code concerning such seizures or an order and judgment of the court having jurisdiction over the forfeiture proceedings (MCL 333.7523[2]; MSA 14.15[7523][2]).

3. STATUTES — CONSTITUTIONAL LAW — JUDICIAL CONSTRUCTION.

Statutes are presumed constitutional, and courts have a duty to construe a statute as constitutional unless unconstitutionality is clearly apparent.

4. COURTS — WAYNE CIRCUIT COURT — FORFEITURES AND PENALTIES.

The Wayne Circuit Court administrative order authorizing one judge to hear all forfeiture cases in that court does not constitute an impermissible delegation of judicial power (MCR 8.110[E][3][a] and [b], 8.111[B]).

*Milton R. Henry,* for plaintiff.

*Donald Pailen,* Corporation Counsel, *Brenda Braceful,* Supervising Assistant Corporation Counsel, and *Mary Rose Prost, Reginald Glenn Dozier* and *David A. Robinson,* for defendant.

*John D. O'Hair,* Prosecuting Attorney, *John L. Thompson,* Deputy Chief of Special Operations, and *A. George Best, II,* Assistant Prosecuting Attorney, of Counsel.

Before: M. J. KELLY, P.J., and MACKENZIE and P. D. SCHAEFER,* JJ.

PER CURIAM. In November, 1986, Detroit police officers seized jewelry, a pager, and $181,310.94 in cash from plaintiff and his automobile as proceeds

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of illegal trafficking in controlled substances. Defendant subsequently filed a petition for forfeiture of the items pursuant to §§ 7521-7525 of the controlled substances act, MCL 333.7101 *et seq.*; MSA 14.15(7101) *et seq.* Plaintiff then commenced the instant claim and delivery action, alleging that defendant wrongfully deprived plaintiff of his property. Plaintiff now appeals as of right from an order of the trial court dismissing the action. We affirm.

Plaintiff first argues that property exceeding $100,000 in value is not subject to forfeiture under the controlled substances act. The argument is based on MCL 33.7523(1); MSA 14.15(7523)(1), which provides in relevant part:

> In case of a seizure pursuant to section 7522, forfeiture proceedings shall be instituted promptly. If seizure is made without process as provided under section 7522, and the total value of the property seized does not exceed $100,000.00, the following procedure is used: . . . .

Contrary to plaintiff's argument, the statute does not prohibit forfeiture of property exceeding $100,000 in value. Rather, the statute merely states that in cases in which seizure is made without process under one of the enumerated provisions of § 7522 and the value of the property seized does not exceed $100,000, then the procedures set forth in § 7523(1) are to be applied. Plaintiff's argument is without merit.

Plaintiff also maintains that the forfeiture statute does not bar civil actions to recover seized property. This contention is also without merit. MCL 333.7523(2); MSA 14.15(7523)(2) provides in relevant part:

> *Property taken or detained under this article*

> *shall not be subject to an action to recover personal property,* but is deemed to be in the custody of the seizing agency subject only to this section or an order and judgment of the court having jurisdiction over the forfeiture proceedings.

This language is clear and unambiguous. The trial court did not err in concluding that the forfeiture statute precluded plaintiff's claim and delivery action.

Plaintiff next argues that the forfeiture statute is unconstitutional. Statutes are presumed constitutional, and courts have a duty to construe a statute as constitutional unless unconstitutionality is clearly apparent. *People v Gunnett,* 158 Mich App 420, 425; 404 NW2d 627 (1987), citing *People v McLeod,* 407 Mich 632, 657; 288 NW2d 909 (1980). Plaintiff has not shown that the forfeiture statute contains a constitutional defect which is clearly apparent. In fact, the predecessor to the current statute, MCL 335.355; MSA 18.1070(55), was similarly worded in relevant portions and was found by this Court to be constitutional because it provided the procedural safeguards necessary to ensure due process. See *People v One 1973 Pontiac,* 84 Mich App 231; 269 NW2d 537 (1978). Reversal on this ground is unwarranted.

Plaintiff's final claim is that a Wayne Circuit Court administrative order authorizing one judge to hear all forfeiture cases constitutes an impermissible delegation of judicial power. We disagree. MCR 8.110(E)(3)(a) and (b) provide:

> As director of the administration of the court, a chief judge shall have administrative superintending power and control over the judges of the court and all court personnel with authority and responsibility to:
> (a) supervise caseload management and monitor disposition of the judicial work of the court;

(b) direct the apportionment and assignment of the business of the court, subject to the provisions of MCR 8.111;

MCR 8.111(B) provides:

.All cases must be assigned by lot, unless a different system has been adopted by local court administrative order under the provisions of subrule 8.112. Assignment will occur at the time the case is filed or before a contested hearing or uncontested dispositional hearing in the case, as the chief judge directs. Civil actions must be assigned within appropriate categories determined by the chief judge. The chief judge may receive fewer assignments in order to perform the duties of chief judge.

In the instant case, plaintiff does not argue that MCR 8.110(E)(3) or MCR 8.111(B) are unconstitutional. These court rules allow for assignment of all forfeiture cases to one judge. Consequently, we find no error requiring reversal.

Affirmed.