*In re* FORFEITURE OF ONE 1983 CADILLAC

Docket No. 103961. Submitted November 8, 1988, at Lansing. Decided April 3, 1989. Leave to appeal denied, 432 Mich 931.

Robert D. Wood, D.D.S., while the subject of a police investigation, issued a prescription for a controlled substance to an undercover officer while both he and the officer were inside a 1983 Cadillac automobile owned by Robert D. Wood, D.D.S., P.C. The automobile was seized, Dr. Wood was charged with unlawfully dispensing a controlled substance, and the Oakland County Prosecutor initiated proceedings in Oakland Circuit Court seeking the forfeiture of the automobile pursuant to the controlled substances act. The court, David F. Breck, J., issued a judgment of forfeiture. Dr. and Mrs. Wood appealed.

The Court of Appeals *held:*

1. By definition provided in the controlled substances act, a controlled substance is dispensed when prescribed. Since the automobile was used to receive an unlawfully dispensed controlled substance and to facilitate the transportation of the controlled substance, the automobile was properly subject to forfeiture under the controlled substances act.

2. The forfeiture proceedings in this case were not initiated promptly as required by the controlled substances act. Although the act does not provide for a specific time period in which to initiate forfeiture proceedings after an interested party files a claim and bond for property seized pursuant to the act, the four-month delay in this case between seizure and forfeiture was excessive.

Reversed.

WEAVER, J., concurred with the majority's conclusion that the automobile was properly subject to forfeiture, but dissented from the majority's holding that the forfeiture proceedings were not instituted promptly. Judge Weaver would affirm.

1. FORFEITURES AND PENALTIES — CONTROLLED SUBSTANCES ACT — AUTOMOBILES.

An automobile is properly subject to seizure and forfeiture under

REFERENCES

Am Jur 2d, Drugs, Narcotics, and Poisons §§ 27.24-27.28, 48.7.

Relief to owner of motor vehicle subject to state forfeiture for use in violation of narcotics laws. 50 ALR3d 172.

the controlled substances act where the automobile is the site
of a transaction in which a doctor issued a prescription in
violation of the act to an undercover police officer (MCL
333.7521; MSA 14.15[7521]).

2. FORFEITURES AND PENALTIES — CONTROLLED SUBSTANCES ACT —
    TIMELINESS OF FORFEITURE ACTION.

Factors considered in determining the promptness of a forfeiture
action pursuant to the controlled substances act include the
lapse of time between seizure and filing of the complaint, the
reason for the delay, the resulting prejudice to the defendant
and the nature of the property seized (MCL 333.7523[1][b]; MSA
14.15[7523][1][b]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Daniel J. Garber, Jr.,* Assistant Prosecuting Attorney, for the people.

*Richard J. Levine,* for the Woods.

Before: MacKENZIE, P.J., and WEAVER and E. A. QUINNELL,* JJ.

E.A. QUINNELL, J. This is an appeal as of right from a circuit court order forfeiting proceeds from the sale of a 1983 Cadillac pursuant to enforcement of the controlled substances act, MCL 333.7501 *et seq.;* MSA 14.15(7501) *et seq.*

The subject 1983 Cadillac was owned by Robert D. Wood, D.D.S., P.C. On November 22, 1983, Dr. Wood met with an undercover detective in the 1983 Cadillac, where Dr. Wood gave the detective a prescription for dilaudid, a controlled substance. On November 23, 1983, the car was seized without process pursuant to MCL 333.7521(1)(d); MSA 14.15(7521)(1)(d) and MCL 333.7522; MSA 14.15(7522). Forfeiture proceedings were commenced on March 26, 1984, four months after the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

seizure of the Cadillac. During the time the car was impounded, Dr. and Mrs. Wood made payments of $300 per month on the outstanding lien. The parties stipulated to adjourn the forfeiture matter until the criminal case against Dr. Wood was concluded. At a forfeiture hearing held on April 15, 1987, the trial court held that the Cadillac was used by Dr. Wood for a purpose prohibited by MCL 333.7521; MSA 14.15(7521) and that the delay in bringing the forfeiture proceedings was not unreasonable under MCL 333.7523; MSA 14.15(7523).

The first issue is whether the 1983 Cadillac was a proper object for seizure and forfeiture.

The relevant part of the statute covering property subject to forfeiture in effect at the time of the seizure reads as follows:

> The following are subject to forfeiture:
>
> (a) *A controlled substance which has been* manufactured, distributed, *dispensed,* possessed, or acquired in violation of this article.
>
> (b) A raw material, product, or equipment of *any kind* which is used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting a controlled substance in violation of this article.
>
> \*   \*   \*
>
> (d) *A* conveyance, including an aircraft, *vehicle,* or vessel *used* or intended for use, to transport, or *in any manner to facilitate the transportation, for the purpose of* sale or *receipt of property described in subdivision (a)* or (b) . . . . [MCL 333.7521; MSA 14.15(7521). Emphasis added.]

By statutory definition:

> "Dispense" means to deliver or issue a controlled substance to an ultimate user or research

subject by or pursuant to the lawful order of a practitioner, *including the prescribing*, administering, or compounding *necessary to prepare the substance for the delivery or issuance.* [MCL 333.7105(2); MSA 14.15(7105)(2). Emphasis added.]

By this definition, the term "dispense" in MCL 333.7521; MSA 14.15(7521) means not only actually dispensing but also prescribing a controlled substance. The vehicle used for the purpose of receipt of a prescription is subject to forfeiture because the prescription is a dispensed controlled substance by statutory definition. The 1983 Cadillac was used to receive the prescription and to facilitate the transportation of a dispensed controlled substance, and is therefore subject to forfeiture.

Next, we review whether the forfeiture proceedings were instituted "promptly" as required by § 7523 of the controlled substances act, MCL 333.7523; MSA 14.15(7523).

We strictly construe § 7523 as requiring the prompt institution of in rem forfeiture proceedings to ensure that the due process rights of the claimants are protected. Const 1963, art 1, § 17. We note that the act provides that where property is seized without process proceedings "shall" be instituted "promptly." We agree with prior decisions of this Court which have held that this connotes a mandatory duty imposed by law to institute proceedings promptly. See *Lenawee Prosecutor v One 1981 Buick Two-Door Riviera,* 165 Mich App 762, 766-767; 419 NW2d 458 (1988).

In defining promptness, this Court has established certain factors which must be considered by the trial court. These factors include, but are not limited to

the lapse of time between seizure and filing of the

complaint, the reason for the delay, the resulting prejudice to the defendant and the nature of the property seized. [*Dep't of Natural Resources v Parish,* 71 Mich App 745, 750; 249 NW2d 163 (1976).]

We find that the above factors clearly militate in favor of the Woods.

The length of time between seizure and complaint, as contemplated by the Legislature, can be gleaned at least in part from a 1985 amendment to the statute. 1985 PA 135, § 1. Following seizure, the government must give notice of the seizure to the owner by personal delivery or by certified mail. If notice cannot be so accomplished, notice may be given by publication for ten consecutive days. MCL 333.7523(1)(a); MSA 14.15(7523)(1)(a). Any person claiming an interest in the property must file a claim and bond with the government within twenty days after receiving notice or after the first published notice. MCL 333.7523(1)(b); MSA 14.15(7523)(1)(b). If the interested person fails to file the claim and bond within twenty days, the property is forfeited to the government. MCL 333.7523(1)(c); MSA 14.15(7523)(1)(c). If a claim is filed, the government's attorney "shall promptly institute forfeiture proceedings after the expiration of the twenty-day period." MCL 333.7523(1)(b); MSA 14.15(7523)(1)(b).

In context, it is clear that the Legislature was thinking in terms of days in using "promptly." Since the Legislature allowed a claimant only twenty days in which to file a claim and bond, and required action by the government "promptly" if a claim was filed, it appears reasonable that the Legislature had some similar period of time in mind in which the government could file a complaint. However, we decline to adopt any bright

line twenty-day test. The Legislature could have done so if it wished, and it did not do so. Each case will present its own unique facts. The remaining *Parish* factors must be considered.

As to the second factor, the prosecutor justified its delay by the need to do a search and investigation into whether forfeiture actions could be brought against Dr. Wood's dental practice and his building. However, we believe that forfeiture proceedings against the practice and building have no real bearing on whether forfeiture proceedings could be instituted against the car. As such, this factor weighs in favor of the Woods.

The third factor is the resulting prejudice to the Woods from the delay. Here, the Woods were prejudiced because the automobile is a wasting asset whose value diminishes when it is impounded and upon which the Woods continued to make payments to protect their interest. See *Parish, supra* at 752. We believe the Woods were prejudiced by the delay.

Fourth, since the automobile was inherently harmless and therefore of little interest to the government, this factor weighs in the Woods' favor. See *Parish, supra* at 753.

In our determination, we are mindful that:

"We must not lose sight of the fact that this is a seizure of property, a very drastic, direct, and immediate remedy. Such a seizure is justified on apparently ancient doctrines that the sovereign may seize the instrumentality of a crime in addition to punishing its perpetrator. The instrumentality of a crime is something quite different from what we call contraband, such as goods smuggled across a border, or narcotics. Yet, the instrumentality of a crime is treated the same in terms of the sovereign's right to employ summary seizure proceedings." *United States v One 1971 Opel G T,*

360 F Supp [638, 642 (CD Cal, 1973)]. [*Parish,
supra* at 753.]

We conclude that the prosecutor failed to file the
instant forfeiture action promptly and reverse the
trial court in this regard.

Reversed.

MACKENZIE, P.J., concurred.

WEAVER, J. *(concurring in part and dissenting in
part).* While I agree with the majority's finding
that the 1983 Cadillac was a proper object for
seizure and forfeiture, I cannot agree with the
finding that the prosecutor failed to institute the
forfeiture proceedings "promptly" as required by
§ 7523 of the controlled substances act.

This Court has upheld a delay of 2½ months
between the time of seizure and the institution of
forfeiture proceedings. *People v One 1979 Honda
Automobile,* 139 Mich App 651; 362 NW2d 860
(1984). However, a 6½-month delay between sei-
zure and institution of forfeiture proceedings was
found excessive. *Lenawee Prosecutor v One 1981
Buick Two-Door Riviera,* 165 Mich App 762; 419
NW2d 458 (1988).

Here the time of delay was four months. The
trial court weighed the *Parish* factors and consid-
ered dispositive the prosecutor's reason for delay,
to do research and investigation into whether
forfeiture proceedings could be brought against
additional property of the Woods. *Dep't of Natural
Resources v Parish,* 71 Mich App 745; 249 NW2d
163 (1976). A nonjury finding of fact should not be
set aside unless clearly erroneous. *People v Van-
dergrift,* 107 Mich App 555, 558; 309 NW2d 665
(1981). A finding of fact is clearly erroneous when
"although there is evidence to support it, the

reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976).

I am not left with a definite and firm conviction that a mistake has been committed.

I would affirm.