In re FORFEITURE OF $109,901

Docket Nos. 166339, 167501. Submitted December 21, 1994, at Detroit. Decided April 21, 1995, at 10:55 A.M. Leave to appeal sought.

The Wayne County Prosecutor on behalf of the City of Detroit Police Department brought an action in the Wayne Circuit Court seeking the forfeiture of $109,901, a 1985 Oldsmobile automobile, and a 1987 Dodge automobile following a raid on a suspected drug house. Kevin E. Johnson and Charles C. Walker responded as claimants. Gary Brown and Walter Foreman, police officers who were shot during the raid and had obtained judgments against the owner of the currency, Johnson, and had filed a lien with the seizing agency thirteen days before the forfeiture proceeding was commenced, were allowed to intervene in the forfeiture proceedings in an effort to assert their lien. The court, Richard C. Kaufman, J., entered orders denying motions for summary disposition brought by Brown and Foreman. Brown and Foreman appealed from the orders. The appeals were consolidated.

The Court of Appeals *held:*

1. The government's forfeiture interest in the property arose, at the latest, at the time the property was seized. The police officers' interest did not arise until a judgment lien was filed. The trial court properly found that the government's interest had priority over the officers' interest. The officers did not suffer any prejudice or due process violation as a result of the government's three-month delay in bringing the forfeiture action.

2. The forfeiture statute's failure to protect crime victims does not render the statute voidable. The fact that the statute protects the interest of an innocent owner who asserts a preseizure claim of interest but does not protect the interests of a postseizure lien holder whose interest is not based on a preseizure claim of innocent ownership does not deny equal protection. There is a rational basis for the distinction.

3. The forfeiture statute requires the notification of parties

REFERENCES
Am Jur 2d, Drugs, Narcotics, and Poisons §§ 27.25, 27.26.
See ALR Index under Fines, Penalties, and Forfeitures.

who have claimed an ownership interest by filing a lien on the seized property. The failure to give the officers notice in this case was harmless error because they had actual notice and an opportunity to be heard.

Affirmed.

1. FORFEITURES AND PENALTIES — COMPETING INTERESTS — LIEN HOLDERS.

Whether something is subject to forfeiture is determined by reference to acts that occurred before the seizure; the government's forfeiture interest in the property arises, at the latest, at the time the property is seized; a competing ownership interest must have existed before the seizure, and the validity of the government's claim and the competing claim is determined by reference to facts that occurred before the seizure (MCL 333.7521, 333.7522; MSA 14.15[7521], 14.15[7522]).

2. FORFEITURES AND PENALTIES — CONSTITUTIONAL LAW — INNOCENT OWNERS — EQUAL PROTECTION.

A rational basis supports the Legislature's decision to protect the interests of an innocent owner of property sought to be forfeited who asserts a preseizure claim of interest but not the interest of postseizure lien holders whose interest is not based on a preseizure claim of innocent ownership; the distinction does not present a violation of the constitutional guarantee of equal protection of the law (MCL 333.7521[1][d][ii],[f], 333.7523[3]; MSA 14.15[7521][1][d][ii],[f], 14.15[7523][3]).

3. FORFEITURES AND PENALTIES — NOTICE.

The forfeiture statute requires that notice of a forfeiture action be given to parties who have claimed an ownership interest in the subject property by filing a lien on the subject property (MCL 333.7521; MSA 14.15[7521]).

*William M. Wolfson,* Assistant Corporation Counsel, for the City of Detroit Police Department.

*Frank & Stefani* (by *Michael L. Stefani* and *David S. Hankus*), for Gary Brown and Walter Foreman.

Before: MARILYN KELLY, P.J., and W. P. CYNAR* and K. T. WILDER,** JJ.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1994-7.

** Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. This is a forfeiture action. The intervening claimants appeal as of right from the trial court's grant of plaintiff's motion for summary disposition under MCR 2.116(C)(10).[1] We affirm.

The intervening claimants are police officers who were shot during a raid on a suspected drug house. They obtained judgments against the owner of the currency, claimant Kevin Eugene Johnson, and filed a lien with the seizing agency. They then intervened in this forfeiture action in an effort to assert their lien.

The officers first argue that, because their interest in the currency assertedly arose before the government's interest, the trial court erred in finding that plaintiff's interest in the currency was superior to theirs. See *Cheboygan Co Construction Code Dep't v Burke,* 148 Mich App 56, 59; 384 NW2d 77 (1985). We disagree.

The government may seize property that is "subject to forfeiture" as defined by the statute. See MCL 333.7522; MSA 14.15(7522). Whether something is "subject to forfeiture" is determined by reference to acts that occurred before the seizure. See MCL 333.7521; MSA 14.15(7521). Thus, the statute contemplates that the government's forfeiture interest in the property arises, at the latest, at the time the property is seized.

Other sections confirm that the time of seizure is when the government's right of forfeiture arises. For example, MCL 333.7523(1); MSA 14.15(7523)(1) requires forfeiture proceedings to be instituted promptly after the seizure. Similarly, MCL

[1] Although the caption in the trial court states that the prosecutor was proceeding on behalf of the People of the State of Michigan, the statute and the court's order below make it clear that the action was brought on behalf of the seizing agency, the City of Detroit Police Department. See MCL 333.7523(1); MSA 14.15(7523)(1); see also MCL 333.7524; MSA 14.15(7524).

333.7525; MSA 14.15(7525) allows summary forfeiture upon seizure of certain property.

By contrast, the validity of competing claims of ownership is determined by whether the property became "subject to forfeiture" by reason of acts "committed or omitted without the owner's knowledge or consent." See MCL 333.7521(1)(d)(ii), (f); MSA 14.15(7521)(1)(d)(ii), (f) (conveyances and things of value); see also MCL 333.7523(3); MSA 14.15(7523)(3) (real property). Because the property becomes "subject to forfeiture" before the seizure, this section clearly presupposes that competing ownership rights must exist, if at all, before the seizure. Thus, both the validity of the government's claim and the validity of competing claims is determined by reference to facts occurring before the seizure.

Here, the government's forfeiture interest arose, at the latest, at the time of the seizure. On the other hand, the officers' interest did not arise until a judgment lien was filed.[2] Therefore, the trial court properly found that the government's interest had priority over the officers' interest.

*In re Forfeiture of $11,800*, 174 Mich App 727, 730-731; 436 NW2d 449 (1989), the only authority relied upon by the officers, is distinguishable. In that case, part of the currency seized belonged to the employer of the claimant, who was the person with whom the suspected drug trafficker had been staying. *Id.* at 728. The cash was taken by the drug trafficker without the knowledge or consent of either the employer or the employee and was then seized by the government. *Id.* at 728-729. The

---

[2] We reject the contention that an inchoate property interest in the cash arose at the time the officers were shot, before the seizure. At most, a right to sue arose at the time of the shooting. A property right in the cash did not arise, if at all, until the lien was filed and certainly no earlier than the judgment, both of which occurred after the seizure.

claimant's employer clearly had an innocent ownership interest that predated the seizure.

The employee/claimant merely stepped into the shoes of his employer when he reimbursed the employer following the seizure. *Id.* at 729-730. Additionally, as bailee for his employer, the claimant had a recognizable possessory interest in the money even before he reimbursed his employer. *Id.* at 729.

Unlike in *$11,800,* the claim asserted in the present case arose after the seizure. The officers' interest is unsupported by any possessory interest existing before the seizure. Therefore, the trial court properly held that the officers' interest did not have priority over the government's interest in forfeiture.

Next, the officers argue that the forfeiture action should have been dismissed because the government did not institute forfeiture proceedings "promptly" after the seizure as required by the statute. See MCL 333.7523(1); MSA 14.15(7523)(1). They also argue that the failure to institute proceedings promptly deprived them of due process. We disagree.

In determining whether a forfeiture proceeding was instituted promptly, this Court must consider " 'the lapse of time between seizure and filing of the complaint, the reason for the delay, the resulting prejudice to the defendant and the nature of the property seized.' " *In re Forfeiture of One 1983 Cadillac,* 176 Mich App 277, 280-281; 439 NW2d 346 (1989), quoting *Dep't of Natural Resources v Parish,* 71 Mich App 745, 750; 249 NW2d 163 (1976). Whether the government's three-month delay in this case was reasonable is a close question. See *1983 Cadillac, supra* at 278-279, 281-283 (four-month delay was unreasonable); but see *People v One 1979 Honda Automobile,* 139 Mich App 651,

657; 362 NW2d 860 (1984) (2½-month delay was not unreasonable). Further, there is no explanation for the delay apparent from the record.

However, the officers did not obtain an interest in the property until they filed their lien thirteen days before the forfeiture proceeding was commenced. Therefore, the officers did not suffer any prejudice or due process violation by reason of the delay.[3] Compare *1983 Cadillac, supra* at 282 (claimant continued making car payments during the four-month delay in order to protect his interest). Additionally, unlike the vehicle in *1983 Cadillac,* the cash involved here is not a wasting asset. *Id.* The trial court did not err in refusing to dismiss the action on this basis.

The officers next argue that, because the forfeiture statute does not protect postseizure lien holders and crime victims, it is contrary to public policy and should be stricken. Alternatively, the officers argue that the innocent owners exception should be construed to encompass innocent victims of crime. We again disagree.

The statute protects only the rights of innocent owners. See MCL 333.7521(1)(d)(ii), (f); MSA 14.15(7521)(1)(d)(ii), (f); MCL 333.7523(3); MSA 14.15(7523)(3); compare MCL 600.4708(1); MSA 27A.4708(1) (proceeds from seized property are to be used to compensate victim). However, the failure to protect crime victims does not render the statute voidable. The Legislature need not deal with every aspect of a problem at the same time. *O'Donnell v State Farm Ins,* 404 Mich 524, 543; 273 NW2d 829 (1979).

The officers further argue that the statute is unconstitutional as written and as applied. Specifically, they argue that they were deprived of prop-

---

[3] We do not reach the question whether the officers had standing to challenge the timeliness of the forfeiture action.

erty without due process by the statute's failure to require that postseizure lien holders be notified when forfeiture proceedings are filed. Additionally, the officers argue that the statute deprives them of equal protection because it protects some ownership interests and not others. These arguments have no merit.

"Statutes are presumed constitutional, and courts have a duty to construe a statute as constitutional unless unconstitutionality is clearly apparent." *Derrick v Detroit,* 168 Mich App 560, 563; 425 NW2d 154 (1988). With regard to the equal protection challenge, "[t]he mere fact that the Legislature has chosen to draw a distinction" between owners and postseizure lien holders "does not mean that [the statute] is unconstitutional." *O'Donnell, supra* at 547. "If this distinction is supported by a rational basis, then it passes constitutional muster." *Id.*

One of the goals of the statute was to make drug dealing unprofitable. However, subjecting innocent people to having their property forfeited on the basis of the acts of others would be unfair and would not deter drug dealing. On the other hand, such unfairness does not arise from a refusal to allow enforcement of a postseizure judgment lien such as this one, which arose with full knowledge that the property was subject to forfeiture and which was not based upon any preseizure claim of innocent ownership. Thus, the distinction has a rational basis and therefore passes constitutional muster.

With regard to the due process challenge, the statute does require notice to persons with ownership interests and therefore is not unconstitutional on its face. *Derrick, supra* at 563; compare *People v Campbell,* 39 Mich App 433, 438-440; 198 NW2d 7 (1972) (actual notice insufficient where statute

did not require that notice be given). We agree that, in order to allow a court to determine the validity of a claim of ownership, the notice provision should be construed to require notice to parties who have claimed an ownership interest by filing a lien on the seized property. See *Campbell, supra* at 440. However, plaintiff's failure to give notice in this case does not require reversal because the officers had actual notice and an opportunity to be heard and therefore the error was harmless. MCR 2.613(A).

Affirmed.