HOLLINS v CITY OF DETROIT POLICE DEPARTMENT

Docket No. 179377. Submitted September 12, 1996, at Detroit. Decided September 12, 1997, at 9:05 A.M.

Earl, Mattie, and Lamont Hollins brought an action in the Wayne Circuit Court against the City of Detroit Police Department and the Wayne County Prosecuting Attorney, seeking the return of money the police department had seized from their house and administratively forfeited pursuant to the controlled substances provisions of the Public Health Code, MCL 333.7523; MSA 14.15(7523), after executing a search warrant on the house and serving notice of seizure and intent to forfeit on Curtis Hollins only, who did not file a claim or post bond to contest the forfeiture. The court, Denise Page Hood, J., ordered that a portion of the money be returned to Mattie Hollins, the amount found by the police when Mattie Hollins told them that she had money hidden in a pile of laundry. The police department appealed.

The Court of Appeals *held*:

1. A trial court has jurisdiction to set aside an administrative forfeiture conducted pursuant to MCL 333.7523; MSA 14.15(7523) where, as here, proper notice of seizure and intent to forfeit is not given to the owner of the seized property.

2. The trial court did not err in determining that forfeiture proceedings cannot now be conducted because any such proceeding would be untimely, considering the lapse of time between the seizure and the filing of the complaint for forfeiture, the reason for the delay, the resulting prejudice to the property owner, and the nature of the property seized.

3. The lack of notice to Mattie Hollins of the seizure of her money and the intent to forfeit it was not harmless error because she was deprived of an opportunity to be heard before the money was forfeited.

Affirmed.

HOEKSTRA, P.J., concurring in part and dissenting in part, stated that forfeiture proceedings would not be untimely under the circumstances of this case and should be held.

FORFEITURES AND PENALTIES — CONTROLLED SUBSTANCES — ADMINISTRATIVE FORFEITURES — COURTS.

A circuit court has jurisdiction to set aside an administrative forfei-
ture of property conducted pursuant to the controlled substances
provisions of the Public Health Code where the notice of seizure
and intent to forfeit required under those provisions is improperly
given, or not given, to the owner of the property (MCL 333.7523;
MSA 14.15[7523]).

*Stone & Richardson, P.C.* (by *Ralph H. Richardson*), for Mattie Hollins.

*Adrienne C. Watts*, for City of Detroit Police Department.

Before: HOEKSTRA, P.J., and MARILYN KELLY and J. B. SULLIVAN* , JJ.

MARILYN KELLY, J. Defendant-appellant City of Detroit Police Department appeals as of right from a trial court order returning $29,335 to plaintiff Mattie Hollins on the ground that the money was not properly forfeited under MCL 333.7521 *et seq.*; MSA 14.15(7521) *et seq.* Defendant argues that the court lacked jurisdiction to order the money's return. In the alternative, it asserts that, even if the court had jurisdiction, it erred in finding that the forfeiture proceeding was untimely. We affirm.

I

On October 24, 1993, the Narcotics Conspiracy Unit of the Detroit Police executed a search warrant on Earl and Mattie Hollins' house at 9583 Ward in the City of Detroit. They had information that Curtis Hollins, Earl and Mattie's son, had brought cocaine to Detroit from California with the intent to sell it.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

When the police arrived at the Hollins' house, Curtis admitted to having the cocaine. He led an officer to an upstairs bedroom where two kilograms were discovered. Mattie Hollins then told the officers that she had money in the basement hidden in a pillow case under a pile of laundry. The officers confiscated $29,335 from the pillow case, $17,000 from another part of the basement and $1,300 from a bedroom.

Notice of forfeiture was served on Curtis. Earl and Mattie Hollins were not given notice. Curtis pleaded guilty to possession of 650 grams of cocaine and received a life sentence. He never filed a claim or posted the statutory bond to contest the forfeiture. On November 30, 1993, the money was administratively forfeited to the Detroit Police Department.

On December 16, 1993, plaintiffs filed a complaint requesting the trial court to set aside the forfeiture. Plaintiffs also filed a motion and order to show cause why the money should not be returned to them due to defendant's illegal forfeiture. The prosecutor moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10), on the basis that there were no facts showing that the property had been unlawfully seized.

Following an evidentiary hearing, the trial court ordered the $29,335 returned to Mattie Hollins, because it had not been properly forfeited. She had not been given notice after the police knew that she was asserting an ownership interest in the money. The court held that any notice given to her on the date of the hearing would be untimely.[1]

---

[1] The trial court also found that Earl Hollins' claim to an additional $17,000 and Lamont Hollins' claim to an additional $1,300 were not supported by the record. The holdings have not been contested on appeal.

II

Whether the trial court properly set aside the administrative forfeiture is a question of statutory interpretation. We review it de novo. *In re Lafayette Towers*, 200 Mich App 269, 273; 503 NW2d 740 (1993). The forfeiture statute provides in pertinent part:

(1) If property is seized pursuant to section 7522, forfeiture proceedings shall be instituted promptly. If the property is seized without process as provided under section 7522, and the total value of the property seized does not exceed $50,000.00, the following procedure shall be used:

(a) *The local unit of government that seized the property, or, if the property was seized by the state, the state shall notify the owner of the property that the property has been seized*, and that the local unit of government, or if applicable, the state intends to forfeit and dispose of the property by delivering a written notice to the owner of the property or by sending the notice to the owner by certified mail. If the name and address of the owner are not reasonably ascertainable, or delivery of the notice cannot be reasonably accomplished, the notice shall be published in a newspaper of general circulation in the county in which the property was seized, for 10 successive publishing days.

\*    \*    \*

(2) *Property taken or detained under this article* or pursuant to section 17766a, *shall not be subject to an action to recover personal property, but is deemed to be in the custody of the seizing agency subject only to this section or an order and judgment of the court having jurisdiction over the forfeiture proceedings*. [MCL 333.7523; MSA 14.15(7523) (emphasis added).]

As the forfeiture statute sets forth, property that has been legally seized may be administratively forfeited by a government agency. *In re Return of Forfeited Goods*, 452 Mich 659, 665; 550 NW2d 782

(1996). Before the forfeiture can take place, the government must give notice to the owner of the property that it has been seized and that the government seeks its forfeiture. MCL 333.7523(1)(a); MSA 14.15(7523)(1)(a). Within twenty days after receiving notice, if the owner wishes to contest the forfeiture, a claim and bond must be filed. MCL 333.7523(1)(c); MSA 14.15(7523)(1)(c). If no claim is filed within the twenty-day period, in rem forfeiture proceedings are not instituted. Instead, the automatic forfeiture provision is triggered. MCL 333.7523(1)(d); MSA 14.15(7523)(1)(d). If a claim is filed, the prosecuting attorney must commence forfeiture proceedings at the expiration of the twenty-day period. *In re Return of Forfeited Goods, supra* at 667.

In this case, defendant argues that, because plaintiffs did not file a claim and the property was automatically forfeited, the trial court did not have jurisdiction to order the money returned. To support its position, defendant relies almost exclusively on the case of *Derrick v Detroit,* 168 Mich App 560; 425 NW2d 154 (1988).

In *Derrick*, we held that § 7523 of the Public Health Code prevents institution of a civil action to recover seized property subject to forfeiture under the controlled substance provisions of the code. *Id.* at 562-563. However, *Derrick* is distinguishable from the instant case. In *Derrick*, a forfeiture action had actually been instituted. The plaintiff, or any other interested claimant, could have intervened in the proceeding and been heard on the merits of his or her claim. That is not true here, where no claim was filed and an administrative forfeiture took place.

Recently, the Michigan Supreme Court addressed the issue of the jurisdiction of trial courts in forfeiture actions. *In re Return of Forfeited Goods, supra.* In that case, officers had seized cocaine and personal items from Dale Mierzejewski. The St. Clair County Sheriff's Department served Mierzejewski with notice, in full compliance with the controlled substances act. *Id.* at 665-666. Mierzejewski did not file a claim within the twenty-day period and his property was forfeited. *Id.* at 666. The charges were later dismissed, and Mierzejewski moved for the return of his property. The trial court granted his motion, citing an error in Mierzejewski's address on the notice of forfeiture. The Supreme Court reversed, holding that, because an administrative forfeiture had been declared, the circuit court did not have jurisdiction to review the matter. *Id.* at 668. Therefore, the trial court did not have the authority to order return of the forfeited property. *Id.*

The instant case differs from *In re Return of Forfeited Goods* in one important respect: Mattie Hollins was never given timely notice that the government was seeking forfeiture of the money. Therefore, she was not in a position to file a claim for the money, nor were there forfeiture proceedings in which she could participate to demand a return of the money. This was not a situation in which the cash was found in the actual possession of a member of the Hollins' family. Had that been true, the government properly could have presumed that the family member in actual possession of the cash was its true owner. The burden would then have been on another family member to produce evidence to the contrary. *In re*

*Forfeiture of $19,250,* 209 Mich App 20; 530 NW2d
759 (1995).

Looking at the above cited cases, we formulate the
following conclusion: if the prosecutor gives proper
notice to the owners of the property and no claim is
filed within twenty days of its receipt, the property
may be deemed forfeited. The trial court no longer
has jurisdiction. However, where the government
gives improper notice to the property's owner and the
property is forfeited by administrative proceedings,
the trial court has jurisdiction to order its return. To
hold otherwise would be to deny plaintiffs a forum in
which to seek relief. It would deprive them of a rem-
edy for the claim that a defendant wrongfully seized
their property without giving notice as due process
requires. The forfeiture provisions of the controlled
substances act are interpreted liberally in order to
promote the health, safety and welfare of Michigan's
citizens. *Id.* at 27. However, the requirements of the
forfeiture provisions may be construed strictly to
ensure that the due process rights of claimants are
protected. *Id.; In re Forfeiture of One 1983 Cadillac,*
176 Mich App 277, 280; 439 NW2d 346 (1989).

III

Next, defendant argues that, even if the court had
jurisdiction, it erred when it ordered the money
returned to Mattie Hollins on the basis that any notice
given to her at the hearing would be untimely.
Defendant is correct that normally the claimant must
be served with notice before a timeliness challenge
may be made. The claimant must file a claim and
bond, and the prosecutor must initiate forfeiture pro-
ceedings. MCL 333.7523(1)(c); MSA 14.15(7523)(1)(c).

However, the statute does not appear to provide for the situation where a property owner is not given notice of a forfeiture. We hold the trial court correctly determined that forfeiture proceedings under the circumstances of this case were untimely. In *In re Forfeiture of $109,901*, 210 Mich App 191, 195; 533 NW2d 328 (1995), we noted:

> In determining whether a forfeiture proceeding was instituted promptly, this Court must consider " 'the lapse of time between seizure and filing of the complaint, the reason for the delay, the resulting prejudice to the defendant and the nature of the property seized.' " *In re Forfeiture of One 1983 Cadillac*, 176 Mich App 277, 280-281; 439 NW2d 346 (1989), quoting *Dep't of Natural Resources v Parish*, 71 Mich App 745, 750; 249 NW2d 163 (1976).

Here, the trial court determined that prompt notice of the forfeiture action could not be given, and Mattie Hollins established a valid claim for the money. Defendant urges that the delay in providing notice was attributable to its belief that the money was drug proceeds belonging to Mattie's son, Curtis. However, the evidentiary record shows that Mattie Hollins asserted her ownership interest in the money at the time of the seizure. The police chose to ignore her claim that the money belonged to her, and consequently, neglected to provide her notice of the forfeiture action. Considerable time elapsed. The police failed to provide an acceptable reason for their delay, and there was prejudice to Mattie Hollins. Considering those facts, we find that the trial court did not err in concluding that any forfeiture proceeding would have been untimely.

The concurring-in-part and dissenting-in-part opinion would order the case remanded to allow defend-

ant to serve notice on plaintiffs and allow new forfei-
ture proceedings to be instituted. It finds that a new
action would be timely based, in part, on a belief that
the lapse of time in this case was under two months.
The belief arises from a misreading of *In re Forfei-
ture of $109,901, supra.*

The dissent asserts that plaintiffs' filing of the com-
plaint against defendants served the same purpose as
a notice of forfeiture. Therefore, the lapse of time
should be measured from that point. I disagree.
According to *In re Forfeiture of $109,901, supra,*
lapse of time is measured from the date a forfeiture
action is instituted. It is not measured from the date a
property owner receives notice of a potential forfei-
ture proceeding or a separate action is filed claiming
an interest in seized property. Here, the earliest date
that a forfeiture proceeding could have been insti-
tuted was July 20, 1994, approximately nine months
after seizure. That is the date that the Wayne County
Prosecutor requested that the administrative forfei-
ture be set aside and new forfeiture proceedings be
allowed to proceed.

Before that date, defendant consistently took the
position that the money belonged to plaintiffs' son
Curtis, not to plaintiffs. Defendant argued that it was
not required to notify plaintiffs of the potential forfei-
ture of the property. Therefore, nine months, not two
months, is a more accurate reflection of the delay.
This is significant because no case has found a delay
of nine months reasonable. See, e.g., *1983 Cadillac,
supra* at 278-279 (four month delay unreasonable);
*People v One 1979 Honda Automobile,* 139 Mich App
651, 657; 362 NW2d 860 (1984) (2½ month delay not

unreasonable); *Dep't of Natural Resources v Parish*, 71 Mich App 745; 249 NW2d 163 (1976).

The fact that the property was currency and could be returned without a diminution in value does not alter our conclusion that a new forfeiture proceeding would be untimely. Allowing defendant to institute forfeiture proceedings now would serve as a disincentive to police departments to observe the due process right of potential claimants. Foreclosing the possibility of forfeiture proceedings will help ensure that claimants are properly notified of property seizure and potential forfeiture in the future.

IV

Finally, defendant asserts that, despite the fact that no formal notice of the seizure was served on Mattie Hollins, she had knowledge that her property had been seized. Therefore, any failure to formally notify her of the forfeiture proceeding was harmless. See *In re Forfeiture of $109,901, supra*. We disagree.

In *In re Forfeiture of $109,901*, the interested persons had actual notice and an opportunity to be heard in the forfeiture proceeding. Here, Mattie Hollins received no notice and had no opportunity to be heard. Thus, the harmless error analysis does not apply.

Affirmed.

J. B. SULLIVAN, J., concurred.

HOEKSTRA, P.J., *(concurring in part and dissenting in part)*. I concur with parts I, II, and IV of the opinion of the majority, but respectfully dissent from the conclusions reached in part III.

In part III, the majority holds that the trial court correctly determined that forfeiture proceedings, under the circumstances of this case, were untimely. I disagree. My disagreement is based on a differing view of how the standard employed by the majority to determine timeliness that is found in *In re Forfeiture of $109,901*[1] should be applied to the facts of this case. In that case, this Court identified four factors to be analyzed when considering the timeliness of a forfeiture proceeding. Those four factors are the lapse of time, the reason for delay, the prejudice resulting from the delay, and the nature of the property seized.

Unlike the majority, I conclude that there was no significant lapse of time in this case. The money was seized on October 24, 1993, was administratively forfeited on November 30, 1993, and plaintiffs filed this action on December 16, 1993. Because MCL 333.7523; MSA 14.15(7523) does not address situations where a claim is made for the seized property by an individual different from the one originally notified pursuant to the statute, I conclude that plaintiffs' filing served the same purpose as a notice of forfeiture for purposes of calculating lapse of time. Plaintiffs' complaint in this case accomplished the essential function of a notice by identifying plaintiffs as parties interested in the disposition of the seized property. To rely on the date that defendant requested that the trial court set aside the original forfeiture and allow new proceedings, as the majority does, exalts form over substance, in my opinion. Thus, the lapse of time in this case, by my calculation, only amounts to less than two months.

---

[1] 210 Mich App 191; 533 NW2d 328 (1995).

Additionally, the reason for the delay in this case was occasioned by defendant's failure to properly notify plaintiffs of the forfeiture. Although defendant erred in this respect, there is no evidence in the record to show that defendant's decision not to serve notice upon plaintiffs was based on bad faith or for any reason other than a mistaken notion regarding its obligation to give notice to plaintiffs. Further, I find no prejudice or even a claim of prejudice by plaintiffs resulting from the circumstances of this case. The majority asserts that prejudice occurred, but offers no factual support for that conclusion. Finally, the property seized was cash money that is totally fungible. If, following a hearing, defendant is ordered to return the seized money, this can be accomplished with no detriment to plaintiffs in terms of diminution of the property.

This case presents a factual situation that MCL 333.7523; MSA 14.15(7523) does not contemplate. Our primary interest should be to put the parties in a position to litigate their respective claims to this property, unless it can be shown that the actions of defendant harmed plaintiffs. For the reasons stated above, I find plaintiffs have not been harmed and, consequently, I would order the case remanded to the trial court with directions to allow defendant to serve notice, and thereafter permit forfeiture proceedings to commence as provided by statute.